COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Annunziata and Senior Judge Cole


COMMONWEALTH OF VIRGINIA

v.          Record No. 1613-95-2        MEMORANDUM OPINION[*] BY
                                      JUDGE JERE M. H. WILLIS, JR.
QUINCY DEMOND POWELL                       DECEMBER 29, 1995


                FROM THE CIRCUIT COURT OF HALIFAX COUNTY
                      William L. Wellons, Judge

            (James S. Gilmore, III, Attorney General;
            Kathleen B. Martin, Assistant Attorney
            General, on brief), for appellant.  Appellant
            submitting on brief.

            (Brandon M. Gladstone, Assistant Public
            Defender; Office of the Public Defender, on
            brief), for appellee.  Appellee submitting on
            brief.



     Prior to trial on a charge of possessing cocaine, Quincy

Demond Powell moved to suppress the cocaine found on his person

on the ground that the discovery derived from a pretextual stop

and pat-down for weapons.  Finding that the stop was pretextual,

that the officers lacked reasonable suspicion to detain Powell or

probable cause to arrest him, and that the seizure of suspected

cocaine from Powell's person violated his Fourth Amendment

rights, the trial court granted Powell's motion to suppress.

The Commonwealth contends on appeal that the officers had

probable cause to arrest Powell and thus, the stop was not

pretextual.  We find no error and affirm the judgment of the

_____

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

trial court.

South Boston Code § 12-2(a) provides, in pertinent part:
No person shall . . . obstruct passage through or upon
any public street, alley, bridge, parking lot, park or
other public place.

On January 13, 1995, a drug task force team, composed of Officer Binner, Lieutenant Loftis, Investigator Stovall, and Officer Pulliam, was investigating "open air" drug deals in South Boston. The officers saw four people, Powell, another man, and two women, standing on the sidewalk in front of 1908 College Street. Two lawn chairs were on the sidewalk. The officers stopped to investigate. As they exited the car, Powell and the other man ran.

Officer Binner pursued and caught Powell and patted him down for weapons. He found none, but felt in Powell's coat pocket a container that he suspected contained drugs. Asked whether he had cocaine in his pocket, Powell did not reply. Officer Binner then reached in Powell's pocket and removed a "plastic prescription medicine bottle," which, being opened, was found to contain eighteen rocks of crack cocaine.

Officer Binner testified that he pursued Powell and patted him down for weapons because Lieutenant Loftis had informed him that Powell was known to carry a gun. However, Binner admitted that at the preliminary hearing he had testified that he patted Powell down for weapons because he had received an anonymous phone call warning him to be careful because certain people in

the College Street area carried weapons.

Asked whether upon his approach he saw anything improper about the gathering on the sidewalk, Officer Binner testified, "[t]he fact that they were obstructing anyone who wished to walk down the sidewalk."

Cheryl Pamplin testified that she lived at 1908 College Street and had been sitting in a lawn chair on the sidewalk with her friend, Nomolika Johnson, when Powell and the other man stopped by. She testified that no pedestrians, other than the four in her group, were in the vicinity and that no person's passage was impeded by the chairs or the persons standing there talking. She testified that none of the officers questioned her about obstructing the sidewalk. The officers issued no citation for violation of the ordinance.

> The trial court ruled:
> [T]his Court finds that the justification for apprehending Mr. Powell was pretextual, that Officer Binner lacked reasonable suspicion to stop and probable cause to arrest the defendant, and that the alleged cocaine seized from his person violated Mr. Powell's constitutional rights as alleged in his motion to suppress.

The Commonwealth contends on brief that the officers had probable cause to arrest Powell for violation of the South Boston ordinance and that this justified Powell's seizure and search. At trial, the Commonwealth's Attorney also argued that Officer Binner had information supporting a reasonable suspicion that Powell was carrying a concealed weapon, justifying Binner in

– 3 –

seizing Powell temporarily for investigation and conducting a protective frisk for weapons.  The record supports neither contention.

An investigative stop is pretextual unless "a reasonable officer would have made the seizure in the absence of illegitimate motivation."  Limonja v. Commonwealth, 8 Va. App. 532, 538, 383 S.E.2d 476, 480 (1989) (en banc), cert. denied, 495 U.S. 905 (1990) (citing United States v. Smith, 799 F.2d 704, 708 (11th Cir. 1986)).

On appeal, we view the evidence in the light most favorable to the party prevailing below and grant all reasonable inferences fairly deducible from that evidence.  Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991).  We give deference to a trial court's findings of fact.  See Shavin v. Commonwealth, 17 Va. App. 256, 264, 437 S.E.2d 411, 417 (1993).

Powell did not obstruct the sidewalk merely by standing on it.  He had not put the chairs on it, nor was he sitting in a chair.  No other pedestrians were in the vicinity.  No person's passage was impeded.  This scenario was insufficient to provide probable cause to suspect violation of the South Boston ordinance.  The officers' conduct corroborates this.  No officer questioned any of the group about obstructing the sidewalk.  No charges to that effect were lodged.

Officer Binner gave conflicting accounts concerning the information upon which he based his suspicion that Powell was

armed.  Accepting everything that he said, his information derived from two sources.  Lieutenant Loftis told him that Powell "is known to carry a firearm."  An undisclosed informant had told him over the telephone, "just to . . . be careful in that area, that certain subjects out in the area carry weapons."  The second item of information did not relate specifically to Powell.  The first item was mere rumor, setting forth no reported observation, and containing no evidence of reliability sufficient to give rise to reasonable suspicion justifying an investigative seizure.

The record supports the trial court's finding that the officers' purpose in stopping Powell, and in conducting a pat-down of his person was not to investigate an obstruction of the sidewalk, but rather to search for illegal drugs.

Affirmed.