COURT OF APPEALS OF VIRGINIA

Present: Judges Elder, Bray and Fitzpatrick


COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
v.          Record No. 2067-95-2          JUDGE LARRY G. ELDER
                                                           FEBRUARY 13, 1996

ORAL WELLESLEY GRIGGS, a/k/a
 WILBERT WELLSBY GAYLE


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Walter W. Stout, III, Judge


H. Elizabeth Shaffer, Assistant Attorney General
(James S. Gilmore, III, Attorney General, on
brief), for appellant.

Cullen D. Seltzer, Assistant Public Defender
(David J. Johnson, Public Defender, on brief),
for appellee.


The Commonwealth appeals the trial court's pretrial ruling to suppress marijuana and cocaine found in Oral Wellesley Grigg's (appellee's) luggage. The Commonwealth contends that the trial court erred in deciding that appellee did not abandon his luggage. Because the trial court did not err, we affirm its ruling.

I.

FACTS

On May 10, 1995, Detective Ronnie L. Armstead of the Richmond Bureau of Police was working at the Greyhound Bus Station in Richmond. At approximately 3:25 a.m., Armstead

---

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

noticed appellee exit a bus parked at Gate 15, carrying a tan folding clothes bag. A baggage handler shortly thereafter handed appellee a black bag. Appellee then walked into the bus terminal, proceeded to Gate 17, and set both pieces of luggage down in the line of Gate 17. For a period of time, appellee walked around the terminal, went to the men's room, went to the game room, and then sat down, nervously waiting for the bus at Gate 17 to be called.

When the dispatcher announced the departure of Gate 17's bus, appellee retrieved both of his bags and placed the black bag at the left side of the Gate 17 bus, near the bins where the baggage handler loads luggage onto the bus. At this time, Armstead approached appellee at the doorway to the bus, informed appellee of his status as a police officer, and requested appellee's permission to talk to him, to which appellee consented.

Armstead explained to appellee that his purpose was to stop the flow of drugs through the terminal, and he asked for appellee's cooperation in the effort. Armstead asked appellee whether he had any illegal drugs on his person "or in any of the bags that he may have." Appellee replied "no" and consented to a search of the tan bag he carried with him. Armstead then asked appellee if he had any other bags, to which appellee responded "no." Armstead did not specifically ask appellee about the black bag at any time.

Armstead found no illegal drugs on appellee's person or in the tan bag. Armstead thanked appellee and allowed him to board the bus. Armstead then retrieved the black bag, which had yet to be loaded onto the bus, and searched it. After Armstead found cocaine and marijuana in the black bag, he boarded the bus and arrested appellee.

Appellee filed a pretrial motion to suppress the drug evidence. The trial court granted the motion to suppress, finding that appellee never abandoned his black bag and that the police search was unconstitutional. The Commonwealth appeals.

II.

ABANDONMENT OF THE LUGGAGE

Upon appeal from a trial court's denial of a motion to suppress, we must review the evidence in the light most favorable to the prevailing party, granting to it all reasonable inferences fairly deducible therefrom. Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991); Reynolds v. Commonwealth, 9 Va. App. 430, 436, 388 S.E.2d 659, 663 (1990). The trial court's findings will not be disturbed unless "plainly wrong," Grimstead, 12 Va. App. at 1067, 407 S.E.2d at 48, and the burden is upon the appellant to show that the denial constituted reversible error. Fore v. Commonwealth, 220 Va. 1007, 1010, 265 S.E.2d 729, 731, cert. denied, 499 U.S. 1017 (1980).

At the core of the trial court's ruling to grant appellee's suppression motion was its decision that appellee never abandoned

3

his black bag containing the illegal drugs.  The trial court found that because appellee did not abandon the bag, appellee retained a reasonable privacy interest in its contents.  This finding led directly to the trial court's conclusion that the police performed an illegal warrantless search of the bag. Applying the appropriate standards of review to the facts in this case, we hold that the trial court did not err in its ruling.

"'One who voluntarily abandons property forfeits any expectation of privacy he or she may have in it' and all standing to complain of its warrantless search and seizure."  Commonwealth v. Holloway, 9 Va. App. 11, 18, 384 S.E.2d 99, 103 (1989)(citing United States v. Thomas, 864 F.2d 843, 845 (D.C. Cir. 1989)). Whether a person intends to retain a reasonable expectation of privacy in property is determined by objective standards such as the person's words and acts.  Wechsler v. Commonwealth, 20 Va. App. 162, 173, 455 S.E.2d 744, 749 (1995).  "Two factors are particularly relevant in ascertaining intent:  [1] physical relinquishment of the property and [2] denial of ownership."  Id. The record in this case reveals that neither of these factors was satisfied in this case.

First, the evidence did not prove that appellee relinquished control over the black bag.  Appellee deposited the bag in a location where he intended for a bus terminal employee to properly place it in the bus on which appellee planned to depart. The reasonable inference arises that appellee intended to

4

transport the bag with him to the bus' destination, where he could reclaim his property. These facts stand in contrast to those in Wechsler, where this Court held that the defendant voluntarily abandoned his luggage in an airport terminal after he departed the terminal building and attempted to enter a taxi cab, leaving the luggage at the terminal's baggage carousel. Wechsler, 20 Va. App. at 173, 455 S.E.2d at 749. Here, appellee remained within the bus terminal at all times and left the black bag in an area designated for loading onto his departing bus; his actions in no way diminished his privacy expectation in his property.

Second, appellee's general denial of ownership of luggage other than the tan bag did not prove he intended to abandon the black bag. As this Court has stated, "[e]very disclaimer of ownership of personalty [] does not conclusively establish the intent to relinquish one's expectation of privacy. . . . Similarly, an absence of assertion of ownership does not necessarily constitute abandonment." Holloway, 9 Va. App. at 18, 384 S.E.2d at 104. In this case, although appellee told the police that he had no bags other than his tan bag, the Commonwealth failed to prove abandonment under all of the attendant circumstances. See Wechsler, 20 Va. App. at 173-74, 455 S.E.2d at 749 (the defendant expressly denying ownership after government agents specifically confronted him with baggage claim tickets).

"A trial court's finding that there has not been abandonment is a factual finding which, even when arguably mixed with questions of law, is subject to attack only if clearly erroneous."  Holloway, 9 Va. App. at 19, 384 S.E.2d at 104. Based on the foregoing, we do not believe the trial court's ruling was clearly erroneous.

Accordingly, we affirm the trial court's suppression order.

Affirmed.