COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Annunziata and Senior Judge Duff
Argued at Richmond, Virginia


COMMONWEALTH OF VIRGINIA
                                        MEMORANDUM OPINION[*] BY
v.  Record No. 2292-96-4            JUDGE JAMES W. BENTON, JR.
                                          FEBRUARY 11, 1997
YULALEYA JOYNER


            FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
                     Alfred D. Swersky, Judge

          John K. Byrum, Jr., Assistant Attorney
          General (James S. Gilmore, III, Attorney
          General, on briefs), for appellant.

          Jeffrey T. Barbour, Assistant Public
          Defender, for appellee.


     After hearing the evidence and arguments of counsel, the

trial judge ruled that the police unlawfully seized Yulaleya

Joyner and sustained Joyner's motion to suppress evidence

obtained as a result of that seizure.  The Commonwealth appeals

from that ruling, see Code § 19.2-398(2), and contends that the

seizure was not unlawful and that Joyner's statements were not

the product of an illegal search and seizure.  We affirm the

ruling.

     Under the usual standards of review, "[w]e view the evidence

in the light most favorable to [Joyner], the prevailing party

below, and we grant all reasonable inferences fairly deducible

from that evidence."  Commonwealth v. Grimstead, 12 Va. App.

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

1066, 1067, 407 S.E.2d 47, 48 (1991). So viewed, the evidence, in pertinent part, proved that eighteen Alexandria police officers and United States postal inspectors were watching an apartment building and monitoring a controlled delivery of marijuana to apartment 102, one of twelve apartments in the building. The officers had intercepted a parcel containing marijuana that had been mailed to that apartment, equipped the parcel with an electronic monitor, and obtained a warrant to search apartment 102.

While the package was being delivered, the officers observed a man watching the delivery from an automobile. After the delivery, the man went into the building and exited a few minutes later carrying the package of marijuana that was delivered to apartment 102. The officers, some of whom were in uniform, arrested the man as he left the building. Approximately five minutes after the man was arrested, numerous officers, openly displaying their badges, rushed to the building with guns drawn.

As the officers rushed to the building, Joyner and another woman were walking out of the building. Joyner testified that one of the officers grabbed her arm and told her and the other woman that they had to remain in place until the officers "found out what was going on, who they needed to . . . hold, or arrest." Detective Erwin then approached Joyner, who was twelve feet away from the front door of the building, and asked her for her name and other identification.

The trial judge ruled that the officers had seized Joyner and that they lacked a reasonable, articulable suspicion to do so. We agree.

"A 'stop' or 'detention' occurs when the 'circumstances . . . amount to a show of official authority such that "a reasonable person would have believed he was not free to leave."'" Goodwin v. Commonwealth, 11 Va. App. 363, 365, 398 S.E.2d 690, 691 (1990) (citations omitted). "[W]henever a police officer accosts an individual and restrains his freedom to walk away, he has 'seized' that person." Terry v. Ohio, 392 U.S. 1, 16 (1968).

When one officer grabbed Joyner's arm and told her to remain where she was and the other officer began to question Joyner about her identity, Joyner was seized. Furthermore, when the officers seized Joyner, the officers had no objective basis to conclude that Joyner was involved in criminal activity. See Brown v. Texas, 443 U.S. 47, 51 (1979).

The evidence, thus, supports the trial judge's ruling that Joyner was unlawfully seized. Because the cocaine in her possession and the statements she subsequently made were obtained as a result of the unlawful seizure, the trial judge did not err in sustaining the motion to suppress. See Commonwealth v. Ealy, 12 Va. App. 744, 754, 407 S.E.2d 681, 687 (1991). Accordingly, we affirm the ruling.

Affirmed.