COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Elder and Overton
Argued at Richmond, Virginia


COMMONWEALTH OF VIRGINIA
                                        MEMORANDUM OPINION[*] BY
v.          Record No. 0271-97-1         JUDGE NELSON T. OVERTON
                                              JUNE 24, 1997
CHAD EVERETT SPENCER

              FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                        Wilford Taylor, Jr., Judge

              Marla Graff Decker, Assistant Attorney
              General (James S. Gilmore, III, Attorney
              General, on brief), for appellant.

              J. Ashton Wray, Jr., for appellee.


     The Commonwealth appeals from a pretrial order in the
Circuit Court of the City of Hampton in which the trial judge
granted a motion to suppress the evidence.  For the reasons
stated, we affirm the trial court's ruling.

     The parties are fully conversant with the record in the
cause, and because this memorandum opinion carries no
precedential value, no recitation of the facts is necessary.

     In an appeal by the Commonwealth, "we view the evidence in
the light most favorable to [the defendant], the prevailing party
below, and we grant all reasonable inferences fairly deducible
from that evidence."  Commonwealth v. Grimstead, 12 Va. App.
1066, 1067, 407 S.E.2d 47, 48 (1991).  According to the

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

defendant's version of the encounter, the police officer asked for the driver's identification and registration and returned to his cruiser.  Only after he had come back to the car after checking the driver's identification did he ask to see the appellant's identification.

In certain cases, an officer during a traffic stop may make additional intrusions upon passengers' personal liberties "pending completion of the stop."  Maryland v. Wilson, 117 S. Ct. 882, 886 (1997).  In this case, however, the traffic stop was completed.  The officer had investigated the traffic violation, checked the driver's identification and registration, and returned the driver's documents.  Until that point, "[a]s a practical matter, the passengers are already stopped by virtue of the stop of the vehicle."  Id.  After that point, the stop is completed and an independent reason is needed to continue detaining the passengers.  The trial judge specifically found no valid reason and upon reviewing the record, we agree.

Accordingly, the ruling below is affirmed.

Affirmed.