COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Overton and Senior Judge Baker
Argued by teleconference


COMMONWEALTH OF VIRGINIA
                                    MEMORANDUM OPINION[*] BY
v.          Record No. 1298-98-1    JUDGE NELSON T. OVERTON
                                       OCTOBER 6, 1998
ROBERT LEE TAYLOR


                FROM THE CIRCUIT COURT OF YORK COUNTY
                   N. Prentis Smiley, Jr., Judge

          Marla Graff Decker, Assistant Attorney
          General (Mark L. Earley, Attorney General, on
          brief), for appellant.

          Karen M. Vannan (Buxton, Lasris & Vannan, on
          brief), for appellee.



     The Commonwealth of Virginia appeals the suppression of a

cocaine smoking device found in the pocket of Robert Lee Taylor

(defendant).  The Commonwealth contends the trial court

erroneously classified the police-citizen encounter which led to

the defendant's search and arrest as a <u>Terry</u> stop.  Because we

agree and hold that the encounter was consensual, we reverse.

     The parties are fully conversant with the facts of the case

and because this memorandum opinion has no precedental value, no

recitation of the facts is necessary.

     On an appeal from a trial court's ruling on a suppression

motion, we view the evidence in the light most favorable to the

party prevailing below, in this case the defendant.  <u>See</u>

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991).  However, "'[u]ltimate questions of reasonable suspicion and probable cause . . . are reviewed de novo on appeal.'"  McGee v. Commonwealth, 25 Va. App. 193, 197-98, 487 S.E.2d 259, 261 (1997) (en banc) (quoting Ornelas v. United States, 517 U.S. 690, 691 (1996)).  Similarly, whether a seizure occurred at all is a question for this Court to review de novo.  See id. at 198, 487 S.E.2d at 261.

In Wechsler v. Commonwealth, 20 Va. App. 162, 169, 455 S.E.2d 744, 747 (1995), this Court summarized the three types of police-citizen encounters:

> Fourth Amendment jurisprudence recognizes three categories of police-citizen confrontations:  (1) consensual encounters, (2) brief, minimally intrusive investigatory detentions, based upon specific, articulable facts, commonly referred to as Terry stops, and (3) highly intrusive arrests and searches founded on probable cause.

A Terry stop occurs "only if, in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave."  United States v. Mendenhall, 446 U.S. 544, 554 (1980).  "As long as the person to whom questions are put remains free to disregard the questions and walk away, there has been no intrusion upon that person's liberty or privacy

as would under the Constitution require some particularized and objective justification." Id.

The trial court ruled that when Police Officer Mattis approached the defendant and asked him questions, defendant was seized. However, Officer Mattis's actions did not create a seizure but were only an invitation to talk. "[L]aw enforcement officers do not violate the Fourth Amendment by merely approaching an individual on the street or in another public place, by asking him if he is willing to answer some questions, [or] by putting questions to him if the person is willing to listen . . . ." Florida v. Royer, 460 U.S. 491, 497 (1983).

Officer Mattis asked the defendant whether he had drugs, weapons or illegal contraband. Mattis did not touch him or draw his weapon. Mattis did not tell the defendant to remain where he was. Defendant can point to no act which, either implicitly or expressly, restrained his liberty. In these circumstances, the defendant was not seized for purposes of the Fourth Amendment.

Because the defendant was not seized, and the defendant consented to the subsequent search of his person, the defendant's crack pipe should not have been excluded. The trial court's ruling on the motion to suppress is reversed.

Reversed.