COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Overton and Senior Judge Baker
Argued at Norfolk, Virginia


RANDY M. KING
                                    MEMORANDUM OPINION[*] BY
v.        Record No. 2619-97-1       JUDGE RICHARD S. BRAY
                                       DECEMBER 8, 1998
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                    Von L. Piersall, Jr., Judge

            (LeeAnn Bierowicz, Assistant Public Defender,
            on brief), for appellant.  Appellant
            submitting on brief.

            Steven A. Witmer, Assistant Attorney General
            (Mark L. Earley, Attorney General, on brief),
            for appellee.


     Randy M. King (defendant) was convicted by a jury for

operating a motor vehicle after being adjudged an habitual

offender, a second offense.  On appeal, defendant complains that

the trial court erroneously admitted into evidence his

inculpatory statement to police.  We disagree and affirm the

conviction.

     The parties are fully conversant with the record, and this

memorandum opinion recites only those facts necessary to

disposition of the appeal.

     Upon review from a trial court's denial of a motion to

suppress, we consider the evidence in the light most favorable to

the prevailing party, granting to it all reasonable inferences

_____
     [*]Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

fairly deducible therefrom.  Commonwealth v. Grimstead, 12 Va.
App. 1066, 1067, 407 S.E.2d 47, 48 (1991).

The record discloses that a vehicle operated by defendant
collided with one driven by Molly Baines.  Immediately following
the accident, Baines approached the car occupied by defendant and
found him "lying in the street."  Defendant "apologized" and
explained that he was experiencing "chest pains and . . . trying
to get to the emergency room" of a nearby hospital.  Portsmouth
Police Officer Patrick Hudgens arrived at the scene shortly
thereafter, an ambulance was summoned, and defendant was
transported to the hospital.  Both Baines and Hudgens detected an
odor of alcohol about defendant and noted his "bloodshot eyes."

Pursuing his investigation of the accident, Officer Hudgens
followed defendant to the hospital and, en route, ascertained
through a "DMV check" that he had been adjudicated an habitual
offender.  While in the emergency room, Hudgens was allowed
access to defendant, then still "behind a white curtain," and
inquired "why [defendant] was operating the vehicle on a revoked
license."  Defendant responded "that he was only driving because
he thought he was having a heart attack and he needed to get to
the hospital."  Defendant was released from the hospital after
"about an hour."

In a pretrial motion and, again, during trial, defendant
moved the court to suppress his statement, contending that it was
the product of a custodial interrogation unattended by the

requisite <u>Miranda</u> warnings, and, therefore, inadmissible into evidence.  <u>See</u> <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966).  The trial court, however, denied the motions, and the instant conviction and appeal followed.

It is well established that the safeguards of <u>Miranda</u> pertain only to "custodial interrogation."  <u>See</u> <u>Pruett v. Commonwealth</u>, 232 Va. 266, 271, 351 S.E.2d 1, 4 (1986), <u>cert. denied</u>, 482 U.S. 931 (1987).  In determining whether a suspect is "in custody" for <u>Miranda</u> purposes, "'the ultimate inquiry is simply whether there is a "formal arrest or restraint on freedom of movement" of the degree associated with formal arrest.'" <u>Harris v. Commonwealth</u>, 27 Va. App. 554, 564, 500 S.E.2d 257, 262 (1998) (quoting <u>California v. Beheler</u>, 463 U.S. 1121, 1125 (1983) (citation omitted)).  Resolution of this issue "presents a mixed question of law and fact qualifying for independent review" on appeal.  <u>Thompson v. Keohane</u>, 516 U.S. 99, 102 (1995).  However, "[w]e review the trial court's findings of historical fact only for 'clear error.'"  <u>Quinn v. Commonwealth</u>, 25 Va. App. 702, 712, 492 S.E.2d 470, 475 (1997) (citations omitted).  To prevail, defendant must "show that the trial court's decision constituted reversible error."  <u>Id.</u> (citation omitted).

Here, the statement in issue was prompted by a single question, posed by one police officer to an unrestrained defendant, in a neutral hospital setting, incidental to the routine investigation of a traffic accident.  Clearly, such

circumstances did not create the "'sort of coercive environment to which <u>Miranda</u> by its terms was made applicable, and to which it is limited.'"[1]  <u>Burket v. Commonwealth</u>, 248 Va. 596, 605, 450 S.E.2d 124, 129 (1994), <u>cert.</u> <u>denied</u>, 514 U.S. 1053 (1995) (quoting <u>Oregon v. Mathiason</u>, 429 U.S. 492, 495 (1977)); <u>see</u> <u>Bottenfield v. Commonwealth</u>, 25 Va. App. 316, 329, 487 S.E.2d 883, 889 (1997) (citation omitted) ("<u>Miranda</u> does not apply to a police officer's general questioning in the course of the fact-finding process.").

Accordingly, the trial court properly admitted the statement into evidence, and we affirm the conviction.

<u>Affirmed.</u>

---

[1]     "Any interview of one suspected of a crime by a police officer will have coercive aspects to it, simply by virtue of the fact that the police officer is part of a law enforcement system which may ultimately cause the suspect to be charged with a crime.  But police officers are not requested to administer <u>Miranda</u> warnings to everyone whom they question.  Nor is the requirement of warnings to be imposed simply . . . because the questioned person is one whom the police suspect.  <u>Miranda</u> warnings are required only where there has been such a restriction on a person's freedom as to render him 'in custody.'"

<u>Burket v. Commonwealth</u>, 248 Va. 596, 604-05, 450 S.E.2d 124, 129 (1994) (quoting <u>Oregon v. Mathiason</u>, 429 U.S. 492, 495 (1977)).

- 4 -