# CIRCUIT COURT OF ROCKINGHAM COUNTY

Vicky D. Trainer

v.

Sydnor Industrial Services

August 18, 2000

Case No. (Law) 11524

BY JUDGE JOHN J. MCGRATH, JR.

This case is currently before this court on Plaintiff's motion to delay entry of any order affirming the jury verdict and to investigate jury misconduct. Plaintiff, by letter addressed to the Court, has alleged that jury misconduct occurred during the deliberations. Plaintiff's attorney states that he and his paralegal spoke to two of the jurors as they were leaving the courthouse after the case concluded. In this conversation, the two jurors allegedly revealed that they were "business women and that . . . [they] know all about worker's compensation" and knew that the Plaintiff had it and that it covered much of her alleged damages in the case. They then allegedly stated that they considered this and that they felt that the Plaintiff had tried to "fool" them by not being forthright about it.

After this discussion, Plaintiff's attorney called two other jury members who agreed to speak with him about the deliberations in the case. These two jurors are claimed to have stated that they had "tried to work with the two jurors" (the two Plaintiff's attorney had originally talked to) but that they were adamant about their feelings toward the Plaintiff and her workers' compensation and disability. As a result, the two jurors refused to award over $50,000 even though supposedly they did not disagree with the rest of the jury members when they stated that her actual damages were over $100,000.

Plaintiff contends that this court should delay entry of a final order in order to investigate this matter further. He bases this assertion on the fact that "juror misconduct" occurred because the jury members considered

information that was not discussed in court and used this information when reaching a decison.

As recently as February 2000, the Court of Appeals of Virginia has addressed the issue of jury misconduct. *See Butler v. Commonwealth*, 31 Va. App. 614 (2000). In that case, the Defendant claimed juror misconduct because a juror informed the defense attorney that some jury members took into account the fact that the Defendant did not testify. Finding that such alleged actions on the part of jury did not warrant further investigation or overturning the verdict, the Court stated that "the general rule [is] that the testimony of jurors should not be received to impeach their verdict, especially on the ground of their own misconduct." *Id.* at 619-20 (citing *Kasi v. Commonwalth*, 256 Va. 407 (1998)). Morover, the Court stated, the Supreme Court of Virginia has generally limited findings of prejudicial juror misconduct to actions that occurred *outside* the jury room. *Id.* (citing *Jenkins v. Commonwealth*, 244 Va. 445 (1992)) (emphasis added). Finding that "the alleged misconduct, if it occurred, was clearly within the confines of the jury room," the Court affirmed the decision of the trial court. *Id.*

Perhaps more dispostivie to the case at hand is the 1987 Supreme Court case of *Caterpillar Tractor Co. v. Hulvey*, 233 Va. 77 (1987). With facts strikingly similar to the case at hand, Plaintiff sued the Defendant for injuries he received while operating a forklift manufactured by the defendant. During the deliberations of the case, jurors began to talk about why people sue for injuries, whether the plaintiff in the case was actually hurt or just trying to get money and why no information on insurance had been submitted to the jury. In the course of these discussions, one of the jurors, an attorney pulled a magazine out of his briefcase and began to read an article about people who sue for injuries and how they were people who just do not like to work. *Id.* at 79. This juror also made derogatory remarks to the rest of the jury about the whole case being "garbage" and about the fact that "people were suing corporations these days because they thought they could get a lot of money off of them." *Id.* at 80. Other jurors testified that this juror's conduct seemed to guide the jury and take over the deliberations. *Id.* at 81.

Reversing the trial court's decision to set aside the verdict, the Supreme Court stated that "neither the sole fact of irregularity nor the mere suspicion of injustice based upon the irregularity is sufficient to warrant setting aside a verdict." *Id.* at 82. The Court further stated that the testimony of jurors should not be used to impeach their verdict because to do so would "hold out to unsuccessful parties and their friends, the strongest temptation to tamper with jurors after their discharge. . . ." *Id.* Comparing this case to others where there was an improper jury view (*McGuire v. Howard*, 203 Va. 965 (1962)), and

unauthorized conversations between jurors and third persons (*Harris v. Tractor Co.*, 202 Va. 958 1961)), the Court found that this conduct occurred *inside* the jury room and did not involve "procurement outside the jury room of specific facts *about the case* which later were injected into deliberation." *Id.* at 83-84 (emphasis in original). Furthermore, the Court stated that the extraneous news from the publication the juror read from was "nothing more than a reference to information which every individual acquires in his or her everyday experiences." And that "one is naive who labors under the impression that jurors of today are not aware of the proliferation of lawsuits generally and damages suits against corporations." *Id.* at 84.

Finally, in 1958, the Supreme Court heard the case of *Phillips v. Campbell*, 200 Va. 136 (1958). In this case, the jurors discussed whether or not the defendant carried liability insurance; some jurors assumed that he did and this influenced their decision in the case. The Supreme Court reversed the trial court's decision to set aside the verdict, stating that the public and jurors were conscious of "the part insurance plays in damage-suit litigation," and that they "often take that circumstance into consideration to some degree in their deliberations on what damages should be awarded." *Caterpillar Tractor Co.*, 233 Va. at 84 (quoting *Phillips*, 200 Va. at 143).

Turning to the case at hand, the Plaintiff contends that the alleged "juror misconduct" warrants the delay of entry of a final order and further investigation. However, all of the "misconduct" Plaintiff alleges occurred *inside* the jury room; there is no allegation of any outside influences on the jury's verdict. It is alleged that two of the jurors were convinced that the Plaintiff was receiving workers' compensation and they refused to allow any damages over $50,000. According to the other jurors, the rest of the jury finally gave in and awarded $50,000. It was the responsibility of the whole jury to come to a verdict; simply because two of the jurors had made up their minds did not mean that the rest of the jury had to go along with that. In any event, what goes on *inside* the jury room is not proper foundation for setting aside a verdict. It is widely assumed today that most jury members are knowledgeable regarding insurance and particularly workers' compensation insurance. It should not be surprising that such knowledge will have some bearing on their decision, even if it is not mentioned in court. In light of the foregoing, it is clear that no misconduct is alleged outside of the courtroom, thus Plaintiff's motion to delay entry of a final order in order to investigate this matter further is denied.

The Clerk of the Court is directed to send certified copies of this order to Colin J. S. Thomas, Jr., Esq., Counsel for Plaintiff, and Edward M. Burns, II, Esq., Counsel for Defendant.