**Richmond**

COMMONWEALTH OF VIRGINIA

v.

JOHN JOSEPH GRIMSTEAD

No. 0507-91-1

Decided August 5, 1991

COUNSEL

Linwood T. Wells, Jr., Assistant Attorney General (Mary Sue Terry, Attorney General; Eugene Murphy, Assistant Attorney General, on brief), for appellant.

Roger S. Fraley, for appellee.

OPINION

**BENTON, J.**—John Joseph Grimstead was indicted for possessing a sawed-off shotgun. The trial judge granted Grimstead's pre-trial motion to suppress the shotgun, which was discovered during a police officer's search of Grimstead's car. The Commonwealth appeals, *see* Code § 19.2-398 *et seq.*, and raises the issue whether the presence of a hemostat in a car provides probable cause justifying an officer's seizure of the hemostat as evidence of a crime and search of the car for contraband. We affirm the trial judge's ruling.

■ We view the evidence in a light most favorable to Grimstead, the prevailing party below, and we grant all reasonable inferences fairly deducible from that evidence. *Commonwealth v. Holloway*, 9 Va. App. 11, 20, 384 S.E.2d 99, 104 (1989). We will not reverse the trial judge's decision unless it is plainly wrong. Code § 8.01-680. Under these standards, the evidence established that Officer Ronald M. Goss stopped Grimstead's car in the early morning hours for speeding. During the encounter, the officer saw a hemostat in the ashtray, and he removed Grimstead from the car. The officer's intention at that moment was

[t]o examine them to see if they had any residue or anything about them.

* * *

I had looked at the hemostats in the ashtray. However, I needed in my mind to make an observation as to whether or not they had been used as any illegal use, anything other than their intended lawful use; and to do so, I needed to examine them. To examine them, I needed to retrieve them and take a closer look at them.

\* \* \*

I hadn't seized them to hold them as evidence because I didn't know if they were contraband.

The officer further testified that he would not have searched the car if the hemostat was free of any contraband.

It was only after I observed the residue and was confident that it had been used for [an illegal] purpose that I conducted a search at all. I have seen hemostats in other vehicles hanging from the rearview mirror and such that contained no residue, and I did not do a search.

During his examination of the seized hemostat, he observed, though, what he believed to be burnt marijuana residue on the tips of the hemostat. He then searched the car and found the sawed-off shotgun.

■ The Commonwealth contends that the "plain view" doctrine justifies the search and seizure. We disagree. "[I]n order to invoke the 'plain view' doctrine, the police must have had probable cause to believe that the evidence seized was a seizable item, *i.e.*, contraband, the fruit or tools of a crime, or other evidence of crime." *Delong v. Commonwealth*, 234 Va. 357, 365, 362 S.E.2d 669, 673 (1987), *cert. denied*, 485 U.S. 929 (1988) (citing *Arizona v. Hicks*, 480 U.S. 321 (1987)). The Supreme Court in *Hicks* held that an object may be moved for closer investigation "only if the 'plain view' doctrine would have sustained a seizure of the equipment." 480 U.S. at 326. Probable cause is required at the outset before an officer may seize an item in plain view. *Id.*

The officer knew only that the hemostat was in Grimstead's ashtray. The officer did not notice either ashes or hand-rolled cigarette butts in the ashtray. He reported no evidence that marijuana seeds or particles were present. From his vantage point outside the car he could see no marijuana or other illegal drugs in the car. He also could not see whether there was residue on the

hemostat before he seized and inspected it more closely. The officer acknowledged several legal uses for hemostats and admitted that he would not have searched Grimstead's car had there been no residue on the hemostat.

■ On this evidence, the officer did not have probable cause to seize the hemostat as evidence of a crime.

> "[P]robable cause exists when the facts and circumstances within the officer's knowledge . . . alone are sufficient to warrant a person of reasonable caution to believe that an offense has been or is being committed." . . . However, "suspicion, or even strong reason to suspect" is not an adequate substitute for probable cause to justify the entry and search.

*Derr v. Commonwealth*, 6 Va. App. 215, 219-21, 368 S.E.2d 916, 918 (1988) (citation omitted). That the hemostat was located in an ashtray does not give rise to probable cause to believe that contraband was contained within the car. "[T]he mere fact that the items in question came lawfully within the officer's plain view . . . cannot supplant the requirement of probable cause." *Hicks*, 480 U.S. at 327. Possession of a hemostat is not *per se* unlawful even if it may be considered paraphernalia under certain circumstances. *See* Code § 18.2-265.1-.3. A hemostat is not an inherently illicit object subject to an officer's immediate seizure. The evidence demonstrated that hemostats may be used in a variety of lawful manners. By the officer's own admission, it was not immediately apparent to him that there was any marijuana residue on the hemostat.

Absent any other facts justifying a reasonable belief that contraband was simultaneously present in the car containing the hemostat, the officer only harbored a suspicion of criminality. *See Matthews v. Commonwealth*, 218 Va. 1, 235 S.E.2d 306 (1977). Only after he seized and examined the hemostat did he develop sufficient cause to believe it was evidence of a drug-related offense. Only then was he privileged to search the car for contraband. Thus, it cannot be said that when the officer saw the hemostat it was "immediately apparent" that the hemostat was either contraband or connected to a crime. *Coolidge v. New Hampshire*, 403 U.S. 443, 446 (1971). Because the hemostat created only a suspicion of criminality, the officer was not privileged either to seize it as evidence of a crime or to examine it further to develop

the requisite probable cause.

For these reasons, the search of the car for contraband violated the fourth amendment. The trial judge, therefore, properly excluded the shotgun from evidence. *Wong Sun v. United States*, 371 U.S. 471 (1963). Accordingly, we affirm the trial judge's order granting the motion to suppress.

*Affirmed.*

Baker, J., and Willis, J., concurred.