COURT OF APPEALS OF VIRGINIA

Present:  Judges Coleman, Koontz and Senior Judge Hodges
Argued at Salem, Virginia

PETER MOORE

v.    Record No. 0619-94-3          MEMORANDUM OPINION[*] BY
                                    JUDGE WILLIAM H. HODGES
COMMONWEALTH OF VIRGINIA                 MAY 16, 1995

           FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
                      James F. Ingram, Judge

           Phyllis Marie Mosby (Office of the Public
           Defender, on brief), for appellant.

           Robert B. Beasley, Jr., Assistant Attorney
           General (James S. Gilmore, III, Attorney
           General, on brief), for appellee.


     Peter Moore appeals his convictions for possessing cocaine,

possessing a firearm while unlawfully possessing cocaine, and

possessing a firearm after being convicted of a felony.  He

contends that the trial court erred in denying his motion to

suppress the cocaine, the firearm, and a statement he made to the

police.  Finding no error, we affirm.

     In considering a trial court's ruling on a suppression

motion, we view the evidence in the "light most favorable to

. . . the prevailing party below," the Commonwealth in this

instance, and the decision of the trial judge will be disturbed

only if plainly wrong.  Commonwealth v. Grimstead, 12 Va. App.

1066, 1067, 407 S.E.2d 47, 48 (1991).  To prevail on appeal,

Moore must "show . . . that the denial of [his] motion to

suppress constitute[d] reversible error."  Motley v.

_____

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Commonwealth, 17 Va. App. 439, 440-41, 437 S.E.2d 232, 233 (1993).

Officer Michael Wallace of the Danville Police Department testified that he had seen a car with New York license plates "in the Cardinal Village area for about six months . . . ."  On the night of November 16, 1993, Wallace saw the car being driven in the City of Danville.  Wallace stopped the car "to inquire about the registration on the vehicle and see when she [the presumed owner] was going to get it transferred to Virginia tags, and her driver's license."  Wallace stated that "[w]e give them [nonresidents] thirty days to switch it [the registration] over [to Virginia registration]."

Upon approaching the car, Wallace recognized Moore in the passenger seat.  Wallace knew that there were warrants outstanding for Moore's arrest.  The police arrested Moore, and seized cocaine and a firearm in the process.

The sole issue on this appeal is whether Wallace possessed a reasonable and articulable suspicion of illegal conduct when he stopped the car.  Wallace testified that he stopped the car because he suspected that it was not properly registered.  This suspicion was reasonable and articulable.  Code § 46.2-662 provides:

> A resident owner of any passenger car, pickup or panel truck, or motorcycle, other than those provided for in § 46.2-652, which has been duly registered for the current calendar year in another state or country and which at all times when operated in the Commonwealth displays the license plate or

> plates issued for the vehicle in the other state or country, may operate or permit the operation of the passenger car, pickup or panel truck, or motorcycle within or partly within the Commonwealth <u>for the first thirty days of his residency in the Commonwealth</u> without registering the passenger car, pickup or panel truck, or motorcycle or paying any fees to the Commonwealth.

(Emphasis added.)

Wallace had observed the car, with New York license plates, "for about six months."  Clearly then, he could reasonably and objectively conclude that the car was not registered in accordance with Code § 46.2-662.  The Supreme Court of the United States has specifically sanctioned traffic stops on the ground that an officer believes the vehicle is not properly registered:

> In <u>Delaware v. Prouse</u>, 440 U.S. 648 (1979), the Supreme Court detailed the fourth amendment requirements that must be met in order to stop an automobile and detain its occupants.  The Court held that "except in those situations in which <u>there is at least articulable and reasonable suspicion</u> that a motorist is unlicensed or <u>that an automobile is not registered</u>, or that either the vehicle or an occupant is otherwise subject to seizure for violation of law," the fourth amendment prohibits the stopping of a vehicle unless it is done pursuant to methods that restrict the unconstrained exercise of discretion on the part of the police.  <u>Id.</u> at 663 (emphasis added); see <u>Lowe v. Commonwealth</u>, 230 Va. 346, 349-50, 337 S.E.2d 273, 275 (1985), <u>cert. denied</u>, 475 U.S. 1084 (1986).

<u>Stroud v. Commonwealth</u>, 6 Va. App. 633, 636, 370 S.E.2d 721, 723 (1988) (second emphasis added).

The trial judge, in denying the motion to suppress, stated:

3

"The stop was not a sham."  Thus, the judge believed Wallace's testimony to be credible, and accepted his testimony concerning the reason for the stop of the car.  "The weight which should be given to evidence and whether the testimony of a witness is credible are questions which the fact finder must decide." Bridgeman v. Commonwealth, 3 Va. App. 523, 528, 351 S.E.2d 598, 601 (1986).  We cannot say that Wallace's testimony was inherently incredible.  Given that testimony, and viewing the evidence in the light most favorable to the Commonwealth, we cannot say that the trial judge erred in denying the motion to suppress.  Accordingly, we affirm the convictions.

Affirmed.
