COURT OF APPEALS OF VIRGINIA

Present: Judges Coleman, Bray and Bumgardner
Argued at Norfolk, Virginia


VERNON OTIS SILVER

                                      MEMORANDUM OPINION[*] BY
v.        Record No. 1684-97-1        JUDGE RICHARD S. BRAY
                                        AUGUST 4, 1998
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                      Junius P. Fulton, Judge

            Christopher B. Cashen for appellant.

            Marla Graff Decker, Assistant Attorney
            General (Mark L. Earley, Attorney General;
            John K. Byrum, Jr., Assistant Attorney
            General, on brief), for appellee.


        Vernon Otis Silver (defendant) was convicted for possession

of cocaine in violation of Code § 18.2-250.  On appeal, he

complains that the trial court erroneously denied his motion to

suppress evidence gathered during an unconstitutional search of

his person.  Finding the disputed search consensual, we affirm

the decision of the trial court.

        The parties are fully conversant with the record, and this

memorandum opinion recites only those facts necessary for

disposition of the appeal.

        Guided by well-established principles, we view the evidence

in the light most favorable to the Commonwealth, granting all

reasonable inferences fairly deducible from such evidence.  See

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991).

> "Ultimate questions of reasonable suspicion and probable cause to make a warrantless search" involve questions of both law and fact and are reviewed de novo on appeal. In performing such analysis, we are bound by the trial court's findings of historical fact unless "plainly wrong" or without evidence to support it, and we give due weight to the inferences drawn from those facts by resident judges and local law enforcement officers.

McGee v. Commonwealth, 25 Va. App. 193, 197-98, 487 S.E.2d 259, 261 (1997) (en banc) (quoting Ornelas v. United States, 517 U.S. 690, 691, 699 (1996)). "We analyze a trial judge's determination whether the Fourth Amendment was implicated by applying de novo our own legal analysis of whether based on those facts a seizure occurred." McGee, 25 Va. App. at 198, 487 S.E.2d at 261.

Armed with a search warrant for a local residence, a Norfolk police "raid team," comprised of "14-18 officers," traveled in an unmarked van to the designated address, arriving at approximately 9:00 p.m. Before exiting the vehicle, Officer Marian Pederson observed defendant outside the residence, walking "from the rear . . . towards the front." Moments later, the raid team, dressed in "riot gear" and with weapons drawn, rushed from the van toward the dwelling, and an officer accidentally collided with defendant, then on the sidewalk and "in the way," "knock[ing] him down to the side." As the team continued to the house, Officer Pederson "broke out of . . . line," holstered her weapon, "took [defendant] by the arm[,]" and "helped him stand

up."  She identified herself as a police officer, and moved with defendant approximately two to three feet "to the side . . . [to] talk to him."  Defendant was not restrained in any manner.

Pederson asked defendant if he possessed any illegal narcotics or weapons, and he answered "no."  He then acceded to Pederson's request to search his person, and she discovered a "folded" piece of paper containing suspected cocaine.  During this encounter, police could be heard inside the residence "yelling," "Norfolk Police, search warrant" and "get down, get down."  Police arrested defendant for the instant offense after a chemical analysis confirmed that the substance was cocaine.

"Fourth Amendment jurisprudence recognizes three categories of police-citizen confrontations:  (1) consensual encounters, (2) brief, minimally intrusive investigatory detentions, based upon specific, articulable facts, commonly referred to as <u>Terry</u> stops, and (3) highly intrusive arrests and searches founded on probable cause."  <u>Wechsler v. Commonwealth</u>, 20 Va. App. 162, 169, 455 S.E.2d 744, 747 (1995) (citations omitted).

> A "consensual encounter between police and an individual has no fourth amendment implications unless accompanied by such 'coercion or show of force or authority by the officer . . . that would cause a person . . . reasonably to have believed that he or she was required to comply' and 'not free to leave.'"

<u>Id.</u> (citations omitted).  In contrast, a citizen has been seized as contemplated by the Fourth Amendment

> if, in view of all of the circumstances surrounding the incident, a reasonable person

would have believed that he was not free to leave. Examples of circumstances that might indicate a seizure, even where the person did not attempt to leave, would be the threatening presence of several officers, the display of a weapon by an officer, some physical touching of the person of the citizen, or the use of language or tone of voice indicating that compliance with the officer's request might be compelled.

Baldwin v. Commonwealth, 243 Va. 191, 196, 423 S.E.2d 645, 647-48 (1992) (quoting United States v. Mendenhall, 446 U.S. 544, 553-54 (1980) (citations omitted)).

Thus,
"law enforcement officers do not violate the Fourth Amendment by merely approaching an individual on the street or in another public place, by asking him if he is willing to answer some questions, by putting questions to him if the person is willing to listen, or by offering in evidence in a criminal prosecution his voluntary answers to such questions. Nor would the fact that the officer identifies himself as a police officer, without more, convert the encounter into a seizure requiring some level of objective justification."

Id. at 196-97, 423 S.E.2d at 648 (quoting Florida v. Royer, 460 U.S. 491, 497 (1983) (citations omitted)). "Cooperation with police and '[a]cquiescence in "a police request, which most citizens will do, does not negate 'the consensual nature of the response.'"'" Wechsler, 20 Va. App. at 170, 455 S.E.2d at 747. "The test of a valid consent search is whether it was 'freely and voluntarily given,'" and is "'a question of fact to be determined from the totality of all the circumstances.'" Deer v. Commonwealth, 17 Va. App. 730, 734-35, 441 S.E.2d 33, 36 (1994)

- 4 -

(citations omitted).

Here, defendant argues that the "aggressive display of force and authority" by police reasonably "indicate[d] . . . that he was captured and not free to leave the scene," resulting in an unlawful seizure.  The record, however, clearly establishes that, save the inadvertent collision between defendant and an officer running toward the target residence, the "force and authority" in issue was directed entirely at the dwelling and its occupants.  After the incident, Pederson simply moved defendant to safety and began an exchange with him which lacked any suggestion of intimidation, restraint or force.  Under such circumstances, defendant could not reasonably have concluded that he was "required to comply" or "not free to leave."

Accordingly, the disputed evidence was lawfully obtained during a consensual encounter, and the court properly denied defendant's motion to suppress.  We, therefore, affirm the conviction.

<u>Affirmed.</u>