COURT OF APPEALS OF VIRGINIA


Present: Judges Coleman, Elder and Annunziata
Argued by teleconference


COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION* BY
v.    Record No. 1334-00-2          JUDGE ROSEMARIE ANNUNZIATA
OCTOBER 31, 2000
QUENTON BRYANT ANDERSON


FROM THE CIRCUIT COURT OF ALBEMARLE COUNTY
H. Selwyn Smith, Judge Designate

Marla Graff Decker, Assistant Attorney
General (Mark L. Earley, Attorney General,
on brief), for appellant.

Janice L. Redinger (Janice L. Redinger,
P.L.C., on brief), for appellee.


The Commonwealth appeals from the pretrial order of the

Circuit Court of Albemarle County, suppressing evidence found

during a search of Anderson's person. We find that the trial

court erroneously suppressed the evidence, and accordingly, we

reverse.

FACTS

On September 27, 1999, Albemarle County Police Officer John

McKay was on uniformed patrol in a marked police car. Officer

McKay observed a vehicle coming toward him on a two-lane highway

fail to dim its headlights. Based upon this inaction on the

            * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

part of the driver, which constitutes a traffic offense under Code § 46.2-1034, the officer stopped the vehicle. Anderson was the driver and could produce neither a driver's license nor any other identification for the officer. Furthermore, although Anderson was driving a rental car, neither he nor his passenger was listed in the rental agreement. The officer concluded that Anderson was unlikely to appear on a summons and decided that Anderson's arrest was warranted. Marijuana was discovered in the course of a full search the officer conducted immediately prior to placing Anderson under arrest.

At the motion to suppress hearing, the trial judge concluded that the arrest was valid. The court reasoned that although officers customarily issue a summons for a traffic violation rather than arrest the suspect, "the right does exist for [the officer] to arrest . . . for driving without an operator's license and that made the arrest valid." Notwithstanding its finding that the arrest was valid, the trial court found that the full search incident to the arrest was not, holding that once the officer determined Anderson was unarmed, the search had to be terminated. Accordingly, the trial court suppressed the marijuana evidence found in the course of the search. It is from this ruling that the Commonwealth now appeals.

ANALYSIS

We view the evidence in the light most favorable to the defendant, the prevailing party below, granting him all reasonable inferences which flow from the evidence. See Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991). The trial court's decision "will not be disturbed unless it is plainly wrong or without evidence to support it." Commonwealth v. Thomas, 23 Va. App. 598, 609, 478 S.E.2d 715, 720 (1996).

However, when analyzing a Fourth Amendment issue, "'[u]ltimate questions of reasonable suspicion and probable cause' . . . involve questions of both law and fact and are reviewed de novo on appeal." McGee v. Commonwealth, 25 Va. App. 193, 197-98, 487 S.E.2d 259, 261 (1997) (en banc) (quoting Ornelas v. United States, 517 U.S. 690, 699 (1996)); see Bass v. Commonwealth, 259 Va. 470, 475, 525 S.E.2d 921, 924 (2000). "In performing such analysis, we are bound by the trial court's findings of historical fact unless 'plainly wrong' or without evidence to support them and we give due weight to the inferences drawn from those facts by resident judges and local law enforcement officers." McGee, 25 Va. App. at 198, 487 S.E.2d at 261 (citing Ornelas, 517 U.S. at 699-703).

Under the Fourth Amendment, an officer may make a warrantless arrest when the officer has probable cause to believe that an individual has committed an offense. See

-

generally United States v. Watson, 423 U.S. 411, 415-24 (1976). "[P]robable cause exists when the facts and circumstances within the officer's knowledge, and of which he has reasonably trustworthy information, alone are sufficient to warrant a person of reasonable caution to believe that an offense has been or is being committed." Taylor v. Commonwealth, 222 Va. 816, 820, 284 S.E.2d 833, 836 (1981).

Virginia law directs an officer to issue a summons, rather than make a full custodial arrest, after detaining an individual for a misdemeanor traffic offense. See Code § 46.2-936 ("Whenever any person is detained by or in the custody of an arresting officer, including an arrest on a warrant, for a violation of any provision of this title punishable as a misdemeanor, the arresting officer shall, except as otherwise provided in § 46.2-940, . . . issue a summons . . . ."). However, an exception exists whereby under certain circumstances, the officer is permitted to make a full custodial arrest. See Code § 46.2-940 ("If any person is: . . . (ii) believed by the arresting officer to be likely to disregard a summons issued under § 46.2-936 . . . the arresting officer shall promptly take him before a magistrate . . . .").

In this case, the trial court found that the arrest of Anderson for driving without a license, a Class 2 misdemeanor under Code § 46.2-300, was valid, and evidence was introduced at the hearing that supports this finding. Officer McKay observed

-

Anderson driving and stopped him for a traffic offense. Anderson admitted to the officer that he did not have a valid operator's license, or any form of identification. The officer could not verify the defendant's identity through any reliable means. In addition, Anderson was driving a rental car, rented by an absent third party, and McKay did not have sufficient information to determine whether the vehicle had been stolen or not. Based upon what he knew, the officer reasonably believed that it was unlikely Anderson would appear in court had McKay released him on a summons. On that ground, Anderson's arrest was lawful under the Fourth Amendment, and under Code §§ 46.2-936, -940.

Once a proper full custodial arrest is made, the officer may conduct a full search of the suspect, even if the officer does not believe that the suspect is armed or is concealing evidence. See United States v. Robinson, 414 U.S. 218, 235-36 (1973) ("It is the fact of the lawful arrest which establishes the authority to search, and we hold that in the case of a lawful custodial arrest a full search of the person is not only an exception to the warrant requirement of the Fourth Amendment, but is also a 'reasonable' search under that Amendment."); see also Gustafson v. Florida, 414 U.S. 260, 263-66 (1973).

Additionally, the arrest does not have to be made prior to the full search, so long as the arrest is lawful and the actual arrest follows shortly after the search. See Rawlings v.

-

<u>Kentucky</u>, 448 U.S. 98, 111 (1980); <u>United States v. Miller</u>, 925 F.2d 695, 698 (4th Cir. 1991).

Finally, the officer can seize any contraband found during the search incident to arrest, irrespective of whether the evidence is related to the crime that gave rise to the initial arrest. <u>See</u> <u>Harris v. United States</u>, 331 U.S. 145, 154-55 (1947) ("Nothing in the decisions of this Court gives support to the suggestion that under such circumstances the law enforcement officials must impotently stand aside and refrain from seizing such contraband material.").

Applying these principles to the facts of this case, we find that the officer was permitted to conduct a full search incident to Anderson's arrest. During the search, the officer discovered marijuana which he had authority to seize as "contraband." <u>See</u> <u>Robinson</u>, 414 U.S. at 236 (where heroin was found during a search incident to an arrest for driving after the defendant's license had been revoked, the officer "was entitled to seize [the heroin] as 'fruits, instrumentalities, or contraband' probative of criminal conduct"); <u>see also</u> <u>Gustafson</u>, 414 U.S. at 266. Therefore, the trial court erred in suppressing the evidence of the marijuana. Its ruling on this matter is accordingly reversed.

<u>Reversed.</u>

-