COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Bray and Clements
Argued at Alexandria, Virginia


LEVON ANDREW DICKERSON

                                    MEMORANDUM OPINION* BY
v.    Record No. 3003-99-4           JUDGE RICHARD S. BRAY
                                       DECEMBER 28, 2000
COMMONWEALTH OF VIRGINIA


           FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
                     Alfred D. Swersky, Judge

           John B. Jacob, Jr., for appellant.

           Thomas M. McKenna, Assistant Attorney General
           (Mark L. Earley, Attorney General, on brief),
           for appellee.


     Levon A. Dickerson (defendant) was convicted in a bench trial
on an indictment charging two counts of malicious wounding,
attempted robbery, and conspiracy to commit robbery, violations of
Code §§ 18.2-51, -26 and -22, respectively.  On appeal, defendant
complains the trial court erroneously denied a motion to suppress
a confession obtained by police in violation of the Constitutions
of the United States and this Commonwealth.  Finding no error, we
affirm the convictions.

     The parties are fully conversant with the record, and this
memorandum opinion recites only those facts necessary to a
disposition of the appeal.

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

On review of a trial court's denial of a motion to suppress, "[w]e view the evidence in a light most favorable to . . . the prevailing party below, and we grant all reasonable inferences fairly deducible from that evidence."  Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991).  In our analysis, "we are bound by the trial court's findings of historical fact unless 'plainly wrong' or without evidence to support them."  McGee v. Commonwealth, 25 Va. App. 193, 198, 487 S.E.2d 259, 261 (1997) (en banc) (citing Ornelas v. United States, 517 U.S. 690, 699, 116 S. Ct. 1657, 1663, 134 L. Ed. 2d 911 (1996)).

I.

Defendant first maintains that he confessed involvement in the subject offenses without the safeguards prescribed by Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966). However,

> [t]he Supreme Court has made it clear that [Miranda] . . . warnings must be given before statements are taken from suspects only where there is custodial interrogation as thus defined in Miranda:  "By custodial interrogation, we mean questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way."

Coleman v. Commonwealth, 226 Va. 31, 46, 307 S.E.2d 864, 872 (1983) (quoting Miranda, 384 U.S. at 444, 86 S. Ct. at 1612 (footnote omitted)).

-

> Whether a suspect is "in custody" under
> Miranda is determined by the circumstances
> of each case, and "the ultimate inquiry is
> simply whether there is a 'formal arrest or
> restraint on freedom of movement' of the
> degree associated with formal arrest."  The
> determination "depends on the objective
> circumstances of the interrogation, not on
> the subjective views harbored by either the
> interrogating officers or the person being
> questioned."

Harris v. Commonwealth, 27 Va. App. 554, 564, 500 S.E.2d 257, 262 (1998) (internal citations omitted).

Here, while at defendant's residence, Alexandria Police Detectives Ellman and Purcell "asked [defendant] if he would be willing to come down to the police station" and "talk about" "some things that had happened over the last few weeks or days."  Ellman advised defendant that "he wasn't under arrest and . . . would be free to go at any time, . . . that we would . . . bring him back." Defendant agreed and "got dressed" in the "bedroom area," while the detectives waited elsewhere in the home.  As the three departed the residence for the stationhouse, defendant's father was encountered on the "front stoop."  Detective Purcell "knew" the father, explained the circumstances to him, and the father advised "that was okay."

En route to the station, defendant "was calm" and "conversational," discussing a "variety of things" with the detectives, including his "understanding of the criminal justice system based upon" prior experience.  On arrival, defendant was offered food, drink, and the opportunity to use the bathroom.  The

-

door to the "interview room," although closed, was unlocked, and defendant, once seated, was again assured that he was "free to go at any time. All you have to do is tell us and we will drive you back home."

During the ensuing exchange, Ellman broached the subject offenses and advised defendant that "some evidence led [him] to believe that [he] might be involved." When defendant professed innocence, Ellman suggested defendant provide fingerprints for comparison to those previously connected to the crimes, "so we could positively eliminate [him]." Defendant agreed and, upon return to the interview room, "indicated that he . . . had been . . . involved in the case." Before further questioning, however, Ellman reminded defendant that he was "not under arrest," "free to go at any time," and "came down here voluntarily." Defendant then confessed to the crimes, and the detectives returned him to his residence.

Such evidence, considered with the entire record, establishes that a reasonable person, similarly situated, would not have considered himself under arrest or otherwise restrained by police. Defendant, therefore, was not in custody, as contemplated by Miranda, when he confessed to police.

II.

"However, defendant reminds us that any confession, 'even if obtained in full compliance with Miranda, may be inadmissible if . . . not voluntary.'" Novak v. Commonwealth, 20 Va. App. 373,

-

386, 457 S.E.2d 402, 408 (1995) (quoting Kauffmann v.

Commonwealth, 8 Va. App. 400, 405, 382 S.E.2d 279, 281 (1989)).

> Review on appeal of the voluntariness
> of a statement requires an "independent
> examination" of "'the totality of all the
> surrounding circumstances'" to ascertain if
> it was "the 'product of an essentially free
> and unconstrained choice by its maker,' or
> whether the maker's will 'has been overborne
> and his capacity for self-determination
> critically impaired.'"  Wilson v.
> Commonwealth, 13 Va. App. 549, 551, 413
> S.E.2d 655, 656 (1992); Gray v.
> Commonwealth, 233 Va. 313, 324, 356 S.E.2d
> 157, 163 (quoting Schneckloth v. Bustamonte,
> 412 U.S. 218, 225-26, 93 S. Ct. 2041, 2047,
> 36 L. Ed. 2d 854 (1973)), cert. denied, 484
> U.S. 873, 108 S. Ct. 207, 98 L. Ed. 2d 158
> (1987).

Thomas v. Commonwealth, 16 Va. App. 851, 858, 434 S.E.2d 319, 324

(1993).  Our consideration must include "not only the details of

the interrogation, but also the characteristics of the accused."

Goodwin v. Commonwealth, 3 Va. App. 249, 253, 349 S.E.2d 161,

163-64 (1986).  "While the question whether a statement is

voluntary is ultimately a legal rather than a factual one,

subsidiary factual determinations made by the trial court are

entitled to a presumption of correctness."  Bailey v.

Commonwealth, 2000 WL 432386, *14 (Va. 2000).

The instant record discloses that defendant, age fourteen at

the time of the offenses and confession, then attended Alexandria

public schools in an "Individualized Education Program," a

placement resulting from an "inability to control his . . .

aggressive behavior," a "Disability" characterized on school

-

records as an "Emotional Disturbance." Although defendant's teacher opined that he "functions around the first or second grade," defendant was classified at an eighth grade level and his curriculum included math, language arts, science and social studies.

From the inception of contact with police, defendant willingly cooperated in the investigation and was repeatedly assured that he was not under arrest, free to leave and would be delivered home upon request. Defendant conversed with Detective Ellman on an array of topics, both prior to and during the interview, including defendant's experience with the criminal justice system, without suggestion of confusion, threat or coercion. Such circumstances, together with other evidence before the court, provide abundant support to the trial court's finding that defendant voluntarily spoke with police.

Defendant's contentions that police erroneously neglected to "encourage" his father to "come to the station" and "tricked" him into confessing through a ruse regarding fingerprint evidence are also without merit. While the presence of parents and police tactics are considerations relevant in determining the voluntariness of a juvenile's statement, such factors are clearly not persuasive on the instant record. See Grogg v. Commonwealth, 6 Va. App. 598, 613, 371 S.E.2d 549, 557 (1998) (juvenile's waiver valid despite absence of parent); Novak, 20 Va. App. at 387-88,

-

457 S.E.2d at 409 (deception by police in questioning juvenile defendant did not taint confession).

Accordingly, we affirm the convictions.

Affirmed.