COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Elder and Bray
Argued at Richmond, Virginia


LYNN TAYLOR, JR.

                                    MEMORANDUM OPINION[*] BY
v.    Record No. 0961-00-2           JUDGE RICHARD S. BRAY
                                          JUNE 5, 2001
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                    James B. Wilkinson, Judge

          Gregory W. Franklin, Assistant Public
          Defender, for appellant.

          Marla Graff Decker, Assistant Attorney
          General (Mark L. Earley, Attorney General, on
          brief), for appellee.


     Lynn Taylor, Jr. (defendant) was convicted in a bench trial

for possession of cocaine with intent to distribute, a violation

of Code § 18.2-248.  On appeal, he complains the trial court

erroneously denied his motion to suppress evidence

unconstitutionally obtained during a warrantless body cavity

search.  We agree and reverse the conviction.

     The parties are fully conversant with the record, and this

memorandum opinion recites only those facts necessary to a

disposition of the appeal.

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

I.

In reviewing a trial court's ruling on a suppression motion, we consider the evidence in the light most favorable to the prevailing party below, the Commonwealth in this instance, granting to it all reasonable inferences fairly deducible therefrom. Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991).

> "Ultimate questions of reasonable suspicion and probable cause to make a warrantless search" involve questions of both law and fact and are reviewed de novo on appeal. In performing such analysis, we are bound by the trial court's findings of historical fact unless "plainly wrong" or without evidence to support them and we give due weight to the inferences drawn from those facts by resident judges and local law enforcement officers.

McGee v. Commonwealth, 25 Va. App. 193, 197-98, 487 S.E.2d 259, 261 (1997) (en banc) (quoting Ornelas v. United States, 517 U.S. 690, 691, 699 (1996)). "On appeal, it is the defendant's burden to show 'that the denial of [the] motion to suppress constitute[d] reversible error.'" Moss v. Commonwealth, 30 Va. App. 219, 223, 516 S.E.2d 246, 248 (1999) (citation omitted).

Viewed accordingly, the instant record discloses that, on January 11, 2000, Richmond Police Detective Kenneth L. Roane was conducting an undercover operation intended "to make . . . street level" controlled buys of cocaine. A confidential informant "was set up with audio-video assistance," instructed to engage in purchases of the drug and transmit a description of the seller to

-

a police "technician," assigned to monitor and videotape each transaction. In accordance with the established procedure, the informant purchased cocaine from a drug dealer, later identified as defendant. A description of defendant was relayed to an "arrest team," together with information that defendant was "dealing [cocaine] from the crotch area," "going in his pants" for the drugs.

Instructed to "move in," Officers Bates and Naoroz apprehended defendant within a few seconds of the alert, and Bates "conduct[ed] a safety pat down." Finding nothing, defendant was handcuffed and placed in the patrol car for transport to police headquarters. En route, defendant "was moving his hands about, sitting on his hands" and "complain[ing] about the handcuffs," "doing it so much" that Naoroz, "at least three times[,] . . . instructed him to stop moving."

Upon arrival at headquarters, defendant was taken to "the debriefing area" and interrogated by Bates, Naoroz, and Detective Kenneth Peterson. Defendant denied possessing contraband but continued to "squirm" in his chair. Recalling a prior arrest of defendant for distribution of cocaine, Naoroz was aware defendant had then secreted cocaine in his "buttocks area." Additionally, both Naoroz and Peterson noted that illicit drugs are often concealed in the "anal area," a practice that may endanger the offender, although neither could cite an incident of health

-

problems resulting from the anal placement of drugs, and defendant had exhibited no difficulties.

Confronted with such circumstances and unable to locate the drugs upon a cursory search of defendant, Bates removed defendant's pants, "search[ed] him" and, finding nothing, "pulled down his underwear" and visually inspected his buttocks and crotch, again without result. Police then directed defendant to "bend over" and "Detective Peterson . . . grabbed both of his butt cheeks and spread it open. At that time [Bates] used [his] flashlight and looked up and . . . finally saw . . . what [he] believed to be crack cocaine inside the small baggies." Bates then retrieved the offending cocaine from defendant's anus, resulting in the instant conviction.

## II.

"[A] lawful arrest of a suspect authorizes the police to conduct 'a full search of the [arrestee's] person.'" Commonwealth v. Gilmore, 27 Va. App. 320, 328-29, 498 S.E.2d 464, 468 (1998). However, "a warrantless search involving a bodily intrusion, even though conducted incident to a lawful arrest, violates the Fourth Amendment unless (1) the police have a 'clear indication' that evidence is located within a suspect's body and (2) the police face exigent circumstances." Id. at 330, 498 S.E.2d at 469. Thus, "[p]robable cause to believe a suspect possesses drugs, which justifies a search of an individual, does not justify a . . . body cavity search unless the evidence or circumstances

-

specifically provides the officers with a 'clear indication' that the contraband is concealed in a body cavity." Hughes v. Commonwealth, 31 Va. App. 447, 460, 524 S.E.2d 155, 162 (2000) (en banc). The requisite "clear indication" must coincide with "additional exigencies" in justification of an "intrusion[] beyond the body's surface."[1] Moss, 30 Va. App. at 226, 516 S.E.2d at 249 (citation omitted).

Accordingly, defendant first contends that the officers did not have a "clear indication" he "had drugs in his anus." We disagree. Police were aware defendant was "dealing" from the "crotch area" of his pants and effected the arrest only moments after the informant had purchased cocaine from him. In transit to police headquarters, defendant was restless, "squirming around" and "sitting on his hands," despite repeated requests to stop. Based upon experience as police officers, Naoroz and Peterson were aware that narcotics are often concealed in the anal cavity. Moreover, Naoroz had discovered drugs hidden in defendant's "buttocks area" on a prior occasion. Repeated limited searches of defendant's person following arrest had revealed no narcotics. Such circumstances provided a sufficiently "clear indication" that defendant had hidden the cocaine in his buttocks or "anal area."

---

[1] Exigencies expressly recognized in Moss include "the risk of destruction of evidence, imminent medical harm to the suspect, or secretion of a weapon." Moss, 30 Va. App. at 226, 516 S.E.2d at 249.

-

Defendant next maintains that the instant circumstances failed to demonstrate the exigency component indispensable to support a warrantless body cavity search. In response, the Commonwealth relies upon health concerns related to the absorption of cocaine into defendant's body through the anal cavity to infuse the requisite exigency.

Here, like Moss, the record does not reflect either a threat to the evidence or defendant's health resulting from any delay attendant to issuance of a search warrant. Defendant was in custody and easily monitored, and no evidence suggests an impediment to a proper warrant. Moreover, adoption of the Commonwealth's argument would judicially countenance warrantless body cavity searches upon every "clear indication" that drugs were concealed within body cavities, a result clearly at odds with existing precedent.

Thus, despite a clear indication that narcotics would be found within defendant's anal cavity, the absence of attendant exigent circumstances precluded the warrantless search. Accordingly, the trial court erroneously denied defendant's motion to suppress the disputed evidence, and we reverse the conviction, remanding for further proceedings if the Commonwealth be so advised.

                                    Reversed and remanded.

                         -