COURT OF APPEALS OF VIRGINIA


Present: Judges Frank, Humphreys and Senior Judge Overton
Argued by teleconference


COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
v.    Record No. 3383-02-4        JUDGE ROBERT P. FRANK
                                  JUNE 10, 2003
CHARLES EDWARD HOOKS


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
R. Terrence Ney, Judge

Eugene Murphy, Assistant Attorney General
(Jerry W. Kilgore, Attorney General, on
briefs), for appellant.

Robert C. Whitestone (Whitestone, Brent,
Young & Merril, on brief), for appellee.


        Charles Edward Hooks (appellee) was indicted for possession

of cocaine with the intent to distribute, in violation of Code

§ 18.2-248.  Appellee filed a pretrial motion to suppress the

statements he made to the police, alleging the statements were

obtained after an illegal seizure.  The trial court granted the

motion.  The Commonwealth appeals, contending the trial court

erred in granting the motion.  See Code § 19.2-398.  For the

reasons stated, we affirm the trial court's ruling.

---

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

BACKGROUND

Pursuant to Rule 5A:8, the following statement of facts was filed in lieu of a transcript:

On March 21, 2002, officers of the Fairfax County Police Department Vice Squad were watching the defendant's home before executing a search warrant on the home. Police saw the defendant leave the house, get into his vehicle, and drive away. At 8:10 p.m., several miles from his house, Officer S. R. Wallace, at the direction of a vice squad officer, stopped the defendant for driving on a suspended license. Defendant's license had been suspended by the Department of Motor Vehicles in early 2002 for insurance monitoring.

Shortly after the defendant was stopped he was issued a summons for driving on a suspended license and for having an open container in the vehicle. The defendant and his vehicle were searched and no drugs or weapons were found in defendant's vehicle or on his person. Then, instead of being released on the summonses, defendant was placed in handcuffs in the back of a police cruiser and transported to the Reston District Station for questioning.

The search warrant here involved was executed at defendant's home at 8:35 p.m. At some time between 9:30 and 10:00 p.m. the defendant made incriminating statements.

As justification for defendant's unlawful seizure, Detective J. A. Williams at the preliminary hearing testified ". . . the only way legally that we could hold him would be for investigative detention." Additional reasons for the seizure were given as "officer safety" and "exigent circumstances."

There was no evidence that the police officer who issued a summons to the defendant for driving on [a] suspended

[license] believed that the defendant would not return to traffic court, nor was there any evidence that the defendant had at any time failed to appear in court.  Moreover there was no suggestion nor was there evidence that the defendant was arrested because the police had probable cause to believe that the defendant committed prior drug related offenses.

After argument and briefing, the trial court granted the motion to suppress, finding the police "lacked probable cause and any reasonable suspicion."  The court noted:

After a summons has been issued to an individual, absent other circumstances -- none of which were present here -- he or she should be free to go.  The Fairfax County Police lacked reasonable suspicion that Hooks was engaged in any illegal activity. Therefore, Hooks' [sic] detention was an illegal seizure and any statements made by Hooks while illegally detained must be suppressed.

### ANALYSIS

The Commonwealth contends appellee's Fourth Amendment rights were not violated, arguing that an arrest which is unlawful under Code § 19.2-74 does not necessarily equate with a violation of appellee's constitutional rights.[1]  Assuming this position is correct, it misses the point of the trial court's ruling.

On appeal, this Court reviews the evidence, and the inferences fairly deducible from that evidence, in the light most favorable to the party prevailing below.  Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991). Although determinations of probable cause are reviewed de novo,

Reittinger v. Commonwealth, 260 Va. 232, 236, 532 S.E.2d 25, 27 (2000), where the trial court has granted a motion to suppress, that decision "will not be disturbed unless it is plainly wrong or without evidence to support it." Commonwealth v. Thomas, 23 Va. App. 598, 609, 478 S.E.2d 715, 720 (1996).

Appellee was served with two summonses. At that point, as the trial court noted, all constitutional and statutory requirements were satisfied, and the encounter should have ended or continued voluntarily. See United States v. Pruitt, 174 F.3d 1215, 1219-20 (11th Cir. 1999), limited by United States v. Purcell, 236 F.3d 1274 (2001). Instead, appellee was handcuffed and taken to the police station. This seizure, after the issuance of the summonses, created a new Fourth Amendment issue.

In Reittinger, for example, a driver was stopped for having only one operable headlight on his van. 260 Va. at 234, 532 S.E.2d at 26. While the officer legitimately stopped the van, after he decided against issuing a citation and told the driver that he was free to go, a new Fourth Amendment issue arose. Id. at 236-37, 532 S.E.2d at 27-28. Once an officer has concluded his investigation of the original violation, new reasonable suspicion or probable cause must develop to allow an officer to continue holding an individual. See Thomas, 23 Va. App. at 613, 487 S.E.2d at 722 (noting the K-9 search unit arrived "before the completion of the traffic stop" and police had additional bases "to suspect criminal activity" beyond the reason for the initial stop); Deer v. Commonwealth, 17 Va. App. 730, 736, 441 S.E.2d 33,

---

[1] The Commonwealth does not argue that application of the exclusionary rule to the statement was inappropriate if appellee

- 4 -

37 (1994) ("[O]nce [the officer] had completed his investigation and issued the citation, the continued detention of Deer and the vehicle required additional justification to satisfy the requirements of the Fourth Amendment.").

In Deer, this Court found a driver was illegally seized under circumstances similar to those in the present case. The officer issued a summons to Deer, concluding his investigation of the traffic offense. Id. However, when Deer refused to allow a search of his vehicle, the officer "effected a seizure by stating that he would detain the vehicle for up to an hour to await the arrival of a K-9 unit." Id. With nothing more than an inchoate hunch, the officer seized Deer. Id.

As the trial court here explained, nothing during the traffic stop provided Officer Wallace with additional reasonable suspicion or probable cause.[2] The Commonwealth does not contend that additional investigation into the traffic offense was required or appropriate, but instead argues that the original probable cause survived the issuance of the summonses. The Commonwealth contends Deer is distinguishable because Officer Wallace always intended to detain appellee, whereas the officer in Deer initially intended to release Deer. Neither the facts nor the analysis in Deer support such a distinction, which

_____

was unconstitutionally seized.
    [2] The Commonwealth does not argue that any of the facts surrounding the issuance and execution of the search warrant for appellee's house provided the police with enough information to seize appellee. The search warrant is not part of the record on appeal.

- 5 -

emphasized the conclusion of the initial detention with the issuance of a citation.  Id.

The Commonwealth also argues that Atwater v. City of Lago Vista, 532 U.S. 318 (2001), controls.  However, Atwater is distinguishable on its facts.  In Atwater, the defendant was stopped for a minor traffic offense, punishable by a fine only. Id. at 323.  The police officer immediately arrested Atwater under a Texas law that specifically authorized arrest for this particular traffic offense, although the law also permitted the issuance of a citation in lieu of arrest.  Id. at 323-24.  The issue before the Supreme Court was whether the Fourth Amendment limits a police officer's authority to arrest without a warrant for minor criminal offenses.  Id. at 326.  The Supreme Court concluded such an arrest is not a violation of the Fourth Amendment.  Id. at 354.

The Atwater Court was not confronted with a post-issuance of summons detention.  Atwater was not issued a citation and then arrested.  Therefore, the opinion does not address the circumstances before this Court.

While Officer Wallace initially had probable cause to stop appellee for a traffic violation, he concluded that detention when he issued the summonses.  Thus, he did not have reasonable suspicion or probable cause to continue his seizure of appellee. The seizure, therefore, violated the principles of the Fourth Amendment, and the statement given while appellee was held constituted "fruit of the poisonous tree."  See Walls v. Commonwealth, 2 Va. App. 639, 651, 347 S.E.2d 175, 182 (1986).

We affirm the trial court's grant of the motion to suppress and remand for further proceedings consistent with this opinion.

Affirmed and remanded.