COURT OF APPEALS OF VIRGINIA


Present: Judges Humphreys, Felton and Kelsey
Argued by teleconference


COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION* BY
v.    Record No. 0666-03-1          JUDGE WALTER S. FELTON, JR.
AUGUST 12, 2003
EDWIN LOUIS GREENE, JR.


FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
Wilford Taylor, Jr., Judge

Donald E. Jeffrey, III, Assistant Attorney
General (Jerry W. Kilgore, Attorney General,
on brief), for appellant.

No brief or argument for appellee.


Pursuant to Code § 19.2-398, the Commonwealth appeals the

judgment of the trial court granting Edwin Greene's motion to

suppress evidence. The Commonwealth contends that Officer

Christopher Hake possessed probable cause to search the vehicle in

which Greene was a passenger and all containers found therein

after Officer Hake observed marijuana and a concealed weapon in

plain view within the vehicle. As a result, the Commonwealth

argues no Fourth Amendment violation occurred and that the trial

court erred in granting Greene's motion to suppress evidence. For

the following reasons, we reverse the judgment of the trial court.

_____

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

## I. BACKGROUND

On November 29, 2002, at approximately 3:00 a.m., Officer Hake stopped a vehicle he observed running a red light. Upon confronting the driver, he noted an open beer bottle in the cup holder near the driver. He also observed Greene in the passenger seat, who appeared to be "either passed out or asleep." Officer Hake asked the driver for his license and vehicle registration. When the driver opened the glove box, a small bag of marijuana "fell onto the door of the glove box itself and sat there." The driver attempted to conceal it with his arm. He grabbed his vehicle registration, quickly closed the glove box, and handed his registration to Officer Hake.

A second officer arrived to backup Officer Hake. At that time Officer Hake moved to the passenger side of the vehicle, opened the door, and asked Greene to step out of the vehicle so that he could retrieve the marijuana from the glove box. Greene complied. As he was getting out of the car, the movement of his feet pulled away a grocery bag and some clothing located on the floorboard, revealing a semiautomatic handgun. Greene was directed to place his hands on his head and remain where he stood. Officer Hake then escorted Greene to a police car.

Officer Hake returned to the stopped vehicle. He retrieved the handgun and marijuana and conducted a further search of the vehicle to determine whether other narcotics or weapons were there. During the search, Officer Hake found several pieces of

-

clothing located in the backseat.  One of those items was a coat.  Officer Hake reached into the coat's pockets and discovered a cigar tube that was cut in half and wrapped in black electrical tape.  He opened the cigar tube and discovered a white residue that was later determined to be cocaine.[1]

Following the search, Officer Hake gave Miranda warnings to the driver of the vehicle and began questioning him about the handgun and marijuana.[2]  As Officer Hake spoke with the driver, Greene stated that he was cold.  Officer Hake retrieved the coat that had contained the cigar tube.  When Greene acknowledged that the coat was his, Officer Hake gave him Miranda warnings, and began questioning him about the cigar tube found in the coat.[3]

On March 5, 2003, a suppression hearing was held.  Greene contended that he had a reasonable expectation of privacy in the coat, which was violated.  He also contended that because the nature of the contraband in the cigar tube was not readily apparent without further examination by the officer, his opening

---

[1] Officer Hake testified at trial that when he discovered the cigar tube he suspected it contained crack cocaine.  He stated that "[o]ver the years, in working with the Hampton Police Division by encountering individuals on the street, I've noticed they've carried cigar tubes to carry crack cocaine and other paraphernalia such as marijuana."

[2] The driver of the vehicle admitted possession of the marijuana and the handgun.

[3] No issue as to the admissibility of any responses resulting from the questioning is presented in this appeal.

-

of the cigar tube was an unlawful search.  The Commonwealth

asserts that once Officer Hake located the marijuana and

handgun, which the driver admitted were his, in plain view

within the vehicle, he had probable cause to search the entire

interior compartment of the vehicle.  The trial court granted

Greene's motion to suppress the evidence.

## II.  ANALYSIS

In reviewing a pretrial appeal, we "view the evidence in

[the] light most favorable to [the defendant], the prevailing

party below, and we grant all reasonable inferences fairly

deducible from that evidence.  We will not reverse the trial

judge's decision unless it is plainly wrong."  Commonwealth v.

Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991)

(citing Commonwealth v. Holloway, 9 Va. App. 11, 20, 384 S.E.2d

99, 104 (1989)).

The Commonwealth argues on appeal that the trial court

erred in granting Greene's motion to suppress.  It contends that

the cocaine found inside Greene's coat was obtained in the

course of a lawful, warrantless search of the vehicle in which

the coat was located.  We agree.

> "Ultimate questions of reasonable suspicion
> and probable cause to make a warrantless
> search" involve questions of both law and
> fact and are reviewed de novo on appeal.
> Ornelas v. United States, 517 U.S. 690,
> [691], 116 S. Ct. 1657, 1659, 134 L. Ed. 2d
> 911 (1996).  In performing such analysis, we
> are bound by the trial court's findings of
> historical fact unless "plainly wrong" or

-

> without evidence to support them and we give
> due weight to the inferences drawn from
> those facts by resident judges and local law
> enforcement officers. Id. at [699], 116
> S. Ct. at 1663. We analyze a trial judge's
> determination whether the Fourth Amendment
> was implicated by applying de novo our own
> legal analysis of whether based on those
> facts a seizure occurred.

McGee v. Commonwealth, 25 Va. App. 193, 197-98, 487 S.E.2d 259, 261 (1997) (footnote omitted).

In Wyoming v. Houghton, 526 U.S. 295 (1999), police located a syringe in the shirt pocket of the male driver, David Young. Responding to the officer's questions, Young indicated that he used the syringe to take drugs. The backup officers subsequently ordered Young's girlfriend and Sandra Houghton out of the vehicle. One officer began searching the vehicle for contraband based on Young's statement. In the backseat, he found a purse that Houghton identified as hers. The officer searched the purse and located illegal drugs and drug paraphernalia. In reversing the Wyoming Supreme Court, the United States Supreme Court found no Fourth Amendment violation in the search of the purse. It held that "police officers with probable cause to search a car may inspect passengers' belongings found in the car that are capable of concealing the object of the search." Id. at 307. See also Westcott v. Commonwealth, 216 Va. 123, 125-26, 216 S.E.2d 60, 63 (1975).

In the case before us, Officer Hake discovered in plain view a handgun and marijuana. Unquestionably, and conceded by

-

Greene, Officer Hake possessed probable cause to search the vehicle for additional weapons and illegal drugs. However, Greene argues that Officer Hake was required to limit his search to other items in plain view and not to invade closed containers that were not immediately recognized to be contraband. He insists that the officer had no particularized suspicion in regard to the coat or the cigar tube to justify the search. Greene's reasoning is misplaced.

Possessing probable cause resulting from the discovery of a handgun and marijuana in plain view in the vehicle, Officer Hake was permitted to inspect all personal belongings and containers in the vehicle that were capable of concealing illegal drugs and weapons. Houghton, 526 U.S. at 307. Officer Hake found a coat in the backseat of the vehicle. The coat was certainly capable of concealing additional illegal drugs or weapons. Consequently, there was no Fourth Amendment violation when Officer Hake searched Greene's coat.

Like the coat, the cigar tube was also capable of concealing illegal drugs. Officer Hake testified that when he discovered the cigar tube he suspected it contained crack cocaine. He stated that "[o]ver the years, in working with the Hampton Police Division by encountering individuals on the street, I've noticed they've carried cigar tubes to carry crack cocaine and other paraphernalia such as marijuana." As a result, the search of the cigar tube was lawful.

-

With probable cause present, and considering the characteristics of the items sought, there was no Fourth Amendment violation committed by Officer Hake when he searched Greene's coat and the cigar tube found therein.  Consequently, the trial court erred in granting Greene's motion to suppress evidence.

The judgment of the trial court is reversed.

<u>Reversed.</u>

-