COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Elder and
          Senior Judge Overton
Argued by teleconference


ELROY LEE TRENT
                                           OPINION BY
v.    Record No. 0425-00-3         JUDGE LARRY G. ELDER
                                         APRIL 10, 2001
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
                      Richard S. Miller, Judge

            David P. Baugh for appellant.

            (Mark L. Earley, Attorney General; Thomas M.
            McKenna, Assistant Attorney General, on
            brief), for appellee.  Appellee submitting on
            brief.


     Elroy Lee Trent (appellant) appeals from his bench trial

conviction for possession of cocaine, in violation of Code

§ 18.2-250.  On appeal, he contends the trial court erroneously

denied his motion to suppress because the drug roadblock at

which he was apprehended was either unconstitutional per se or

unconstitutional as conducted.  We hold the roadblock was

unconstitutional per se, and we reverse and dismiss appellant's

conviction.

     At a hearing on a defendant's motion to suppress, the

Commonwealth has the burden of proving the challenged action did

not violate the defendant's constitutional rights.  See Simmons

v. Commonwealth, 238 Va. 200, 204, 380 S.E.2d 656, 659 (1989).

On appeal, we view the evidence in the light most favorable to the prevailing party, here the Commonwealth, granting to its evidence all reasonable inferences fairly deducible therefrom. See Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991). "[W]e are bound by the trial court's findings of historical fact unless 'plainly wrong' or without evidence to support them," McGee v. Commonwealth, 25 Va. App. 193, 198, 487 S.E.2d 259, 261 (1997) (en banc), but we review de novo the trial court's application of defined legal standards to the particular facts of the case, Ornelas v. United States, 517 U.S. 690, 699, 116 S. Ct. 1657, 1663, 134 L. Ed. 2d 911 (1996).

In City of Indianapolis v. Edmond, 121 S. Ct. 447, 148 L. Ed. 2d 333 (2000), the United States Supreme Court held that a "checkpoint program" with "the primary purpose of interdicting illegal narcotics . . . contravenes the Fourth Amendment." Id. at 453-54. The Court reasoned as follows:

> We decline to suspend the usual requirement of individualized suspicion where the police seek to employ a checkpoint primarily for the ordinary enterprise of investigating crimes. We cannot sanction stops justified only by the generalized and ever-present possibility that interrogation and inspection may reveal that any given motorist has committed some crime.
> Of course, there are circumstances that may justify a law enforcement checkpoint where the primary purpose would otherwise, but for some emergency, relate to ordinary crime control [such as] . . . an appropriately tailored roadblock set up to thwart an imminent terrorist attack or to catch a dangerous criminal who is likely to

> flee by a particular route. . . . While we do not limit the purposes that may justify a checkpoint program to any rigid set of categories, we decline to approve a program whose primary purpose is ultimately indistinguishable from the general interest in crime control.

Id. at 455; see also id. at 457 n.2 (noting that "[the Court] express[es] no view on the question whether police may expand the scope of a license or sobriety checkpoint seizure in order to detect the presence of drugs in a stopped car").

Here, appellant was stopped at a checkpoint established for the primary purpose of interdicting illegal drugs. The written policy pursuant to which the checkpoint was conducted authorized "the deliberate, temporary stopping of vehicular traffic . . . for the purpose of selective drug checks for violations of state code and city ordinance." Although officers were told in a pre-checkpoint briefing to ask each driver for his license, they also were told to target drug violations. The officer in charge of the checkpoint agreed that asking for an operator's driver's license was "just a tactic to have the conversation" about drugs. Thus, the checkpoint at which appellant was stopped was unconstitutional per se under Edmond because it had as its primary purpose "the ordinary enterprise of investigating crimes." Id. at 455.

For these reasons, we hold that the stop of appellant which yielded the drugs violated his Fourth Amendment rights. Therefore, we reverse and dismiss appellant's conviction.

_Reversed and dismissed._