COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Bumgardner and Agee
Argued by teleconference


COMMONWEALTH OF VIRGINIA
                                    MEMORANDUM OPINION[*] BY
v.    Record No. 0645-01-2        JUDGE JERE M. H. WILLIS, JR.
                                           JULY 24, 2001
DWAYNE MARK LEWIS


            FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                        Robert W. Duling, Judge

            Marla Graff Decker, Assistant Attorney
            General (Mark L. Earley, Attorney General, on
            brief), for appellant.

            William P. Irwin, V (Bowen, Bryant,
            Champlin & Carr, on brief), for appellee.


     Dwayne Mark Lewis stands indicted for possession of cocaine

with the intent to distribute, a violation of Code § 18.2-248.

The Commonwealth contends that the trial court erroneously

suppressed the cocaine found during a search of his person.  We

reverse the trial court's suppression order and remand the case

for further proceedings consistent with this opinion.

                        I.   BACKGROUND

     On September 19, 2000, City of Richmond Police Officer

Timothy D. Wyatt assisted Sergeant McNamara in stopping a

vehicle for defective equipment.  Lewis was a passenger in that

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

vehicle. Officer Wyatt testified that he approached the passenger side of the vehicle and noticed Lewis' "hands were shaking," leading him to believe that Lewis was nervous. Before Officer Wyatt said a word, Lewis told him, "I am just trying to get a ride." Officer Wyatt replied, "Relax. Don't worry about it." Nevertheless, Lewis continued to try to explain to the officer that he had done nothing wrong.

Officer Wyatt testified that based upon Lewis' nervousness, he "had him exit the vehicle." Officer Wyatt asked Lewis "if he had any weapons or narcotics on him." Lewis replied, "no." Officer Wyatt then asked Lewis "if he had a problem if [the officer] checked him." Lewis said, "Naw. Go ahead," and "put his hands up in the air." Officer Wyatt turned Lewis around so that he had his back to the officer, put Lewis' hands on the roof of the vehicle, and began to "search him." During the search, Officer Wyatt found cocaine.

In moving to suppress the cocaine, Lewis argued that he was seized when Officer Wyatt "asked" him to exit the vehicle. He further argued that his statement, "Naw. Go ahead," was equivocal and, therefore, not freely and voluntarily given. The Commonwealth argued that the encounter was consensual, that Lewis voluntarily exited the vehicle, and that by his words and actions Lewis consented to the search of his person.

The trial court held:

> Under the circumstances of this case, it is difficult . . . to conclude that a reasonable person, who found themselves in the position of Mr. Lewis, would have concluded, when directed to exit the vehicle, that he had an option to sit in the vehicle and, once having exited the vehicle, to conclude that he had the option to leave.

Therefore, the trial court concluded Lewis was unlawfully seized when he was directed to exit the vehicle.  It granted Lewis' motion to suppress without addressing whether he had consented to the search.

## II.  ANALYSIS

In a pretrial appeal of a ruling on a motion to suppress, we view the evidence in the light most favorable to the party prevailing below, in this case Lewis, granting to him all reasonable inferences fairly deducible therefrom.  See Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991).  "'Ultimate questions of reasonable suspicion and probable cause to make a warrantless search' involve questions of both law and fact and are reviewed de novo on appeal."  McGee v. Commonwealth, 25 Va. App. 193, 197, 487 S.E.2d 259, 261 (1997) (en banc) (quoting Ornelas v. United States, 517 U.S. 690, 691 (1996)).  However, "we are bound by the trial court's findings of historical fact unless 'plainly wrong' or without evidence to support them and we give due weight to the inferences drawn from those facts by resident judges and local

-

law enforcement officers."  Id. at 198, 487 S.E.2d at 261

(citing Ornelas, 517 U.S. at 699).

The trial court erred in holding that Lewis was unlawfully

seized when he was asked to exit the vehicle.  Officer Wyatt was

permitted to detain Lewis briefly, as a passenger in the

vehicle, pending the completion of the traffic stop.  See Harris

v. Commonwealth, 27 Va. App. 554, 561-63, 500 S.E.2d 257, 260-61

(1998) (holding that law enforcement officers are permitted,

following a lawful traffic stop, to detain the occupants of the

vehicle, pending the completion of the traffic stop); see also

Hatcher v. Commonwealth, 14 Va. App. 487, 491-92, 419 S.E.2d

256, 258-59 (1992) (holding that in effecting a traffic stop, an

officer, to ensure his safety and to maintain control of a

potentially hazardous situation, may detain briefly not only the

driver but the passengers as well).

In Maryland v. Wilson, 519 U.S. 408, 415 (1997), the United

States Supreme Court held that "an officer making a traffic stop

may order passengers to get out of the car pending completion of

the stop."  Id.  The Court reasoned:

> [D]anger to an officer from a traffic stop
> is likely to be greater when there are
> passengers in addition to the driver in the
> stopped car.  While there is not the same
> basis for ordering the passengers out of the
> car as there is for ordering the driver out,
> the additional intrusion on the passenger is
> minimal.

-

Id. at 414-15.  In Wilson, the Court extended its holding in Pennsylvania v. Mimms, 434 U.S. 106 (1977) (per curiam), that "a police officer may as a matter of course order the driver of a lawfully stopped car to exit his vehicle," to passengers of the vehicle.  Wilson, 519 U.S. at 410.  The Court in Wilson found that the "same weighty interest in officer safety is present regardless of whether the occupant of the stopped car is a driver or passenger."  Id. at 413.

Mimms and its progeny, including Wilson, authorized Officer Wyatt to order Lewis out of the vehicle.

Once he exited the vehicle, Lewis voluntarily consented to the search of his person.

> [I]n Bumper v. North Carolina, 391 U.S. 543 (1968), the United States Supreme Court held that the Fourth Amendment right to be free from unreasonable seizures may be waived, orally or in writing, by voluntary consent to a warrantless search of a person, property or premises.  Implicit in the waiver of the warrant requirement is the waiver of the requirement of probable cause.
>
> The test of a valid consent search is whether it was "freely and voluntarily given."  . . . The question of whether a particular "consent to a search was in fact voluntary or was the product of duress or coercion, express or implied, is a question of fact to be determined from the totality of all the circumstances."

Deer v. Commonwealth, 17 Va. App. 730, 734-35, 441 S.E.2d 33, 36 (1994) (citations omitted).

Officer Wyatt testified that he asked Lewis whether he had any weapons or narcotics on his person.  Immediately after Lewis said that he did not, Officer Wyatt asked Lewis if he had a problem if he "checked him."  Lewis told Officer Wyatt, "Naw. Go ahead," and lifted his hands into the air without prompting by the officer.  This consent was freely given and was unequivocal.  Officer Wyatt did not touch Lewis until given permission.  Officer Wyatt did not draw his weapon.  Lewis asked no question and expressed no concern about Officer Wyatt's request to search him.  He merely agreed.  Therefore, we hold that Lewis voluntarily consented to the search of his person.

Accordingly, the judgment of the trial court is reversed, and this case is remanded for further proceedings consistent with this opinion.

Reversed and remanded.