COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Willis and Senior Judge Hodges
Argued at Richmond, Virginia


ANDREW BURNEY

                                        MEMORANDUM OPINION* BY
v.    Record No. 1209-01-2           JUDGE WILLIAM H. HODGES
                                            MAY 14, 2002
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                       Margaret P. Spencer, Judge

            Cynthia E. Payne, Assistant Public Defender,
            for appellant.

            Marla Graff Decker, Assistant Attorney
            General (Randolph A. Beales, Attorney
            General, on brief), for appellee.


    Andrew Burney entered conditional guilty pleas for

possession of heroin with the intent to distribute, possession

of cocaine with the intent to distribute, and failure to appear

in court.  The trial court denied his motion to suppress the

evidence obtained during a search of his person.  On appeal, he

argues that the trial court erred in denying his motion and

admitting the Commonwealth's evidence.  Burney contends the

evidence was obtained as a result of an illegal search.  For the

reasons that follow, we disagree and affirm his convictions.[1]

---

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

        [1] Appellant did not challenge on appeal his conviction for
failure to appear.

BACKGROUND

Viewed in the light most favorable to the Commonwealth, Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991), the evidence proved that on August 20, 1998, Officer Jack Intagliato and his partner observed Burney traveling in a car at a high rate of speed. Intagliato initiated a traffic stop and discovered Burney's license had been suspended. Intagliato placed Burney under arrest for reckless driving and driving with a suspended license and conducted a search of his person incident to arrest.

Intagliato searched Burney for illegal contraband, escape devices, and weapons. During the search, he pulled Burney's waistband out in the front and immediately saw two plastic bags in front of Burney's genital area. One bag contained crack cocaine and the other bag contained heroin. Intagliato testified he did not unbuckle Burney's belt, that Burney's pants did not fall down during the search, and that Burney was not disrobed.

## ANALYSIS

"On appeal from a trial court's denial of a motion to suppress, we must review the evidence in the light most favorable to the Commonwealth, granting to the Commonwealth all reasonable inferences fairly deducible from it." Debroux v. Commonwealth, 32 Va. App. 364, 370, 528 S.E.2d 151, 154, aff'd

en banc, 34 Va. App. 72, 537 S.E.2d 630 (2000). "'The burden is upon [the defendant] to show that th[e] ruling, when the evidence is considered most favorably to the Commonwealth, constituted reversible error.'" McGee v. Commonwealth, 25 Va. App. 193, 197, 487 S.E.2d 259, 261 (1997) (en banc) (alterations in original) (quoting Fore v. Commonwealth, 220 Va. 1007, 1010, 265 S.E.2d 729, 731 (1980)).

"'Ultimate questions of reasonable suspicion and probable cause to make a warrantless search' involve questions of both law and fact and are reviewed de novo on appeal." Id. (quoting Ornelas v. United States, 517 U.S. 690, 691 (1996)). However, "we are bound by the trial court's findings of historical fact unless 'plainly wrong' or without evidence to support them and we give due weight to the inferences drawn from those facts by resident judges and local law enforcement officers." McGee, 25 Va. App. at 198, 487 S.E.2d at 261 (citing Ornelas, 517 U.S. at 699).

In this case, the threshold issue is whether the police conducted a "strip search." Burney contends the search violated Code § 19.2-59.1. However, by its own terms, Code § 19.2-59.1 does not apply to Class 1 or Class 2 misdemeanor offenses.[2]

---

[2] Code § 19.2-59.1(A) states:

> No person in custodial arrest for a
> traffic infraction, Class 3 or Class 4

-

Burney was arrested for reckless driving and driving with a suspended license, Class 1 and 2 misdemeanors, respectively, at the time of the offenses. See Code §§ 46.2-301, 46.2-852, and 46.2-868. These offenses do not constitute traffic infractions. See Code §§ 46.2-100 and 46.2-113. Consequently, the definition of a strip search in Code § 19.2-59.1 does not apply to this case. See McCloud v. Commonwealth, 35 Va. App. 276, 281, 544 S.E.2d 866, 868 (2001).

> "A search of the person may range from a Terry-type pat-down to a generalized search of the person to the more intrusive strip search or body cavity search. 'A strip search generally refers to an inspection of a naked individual, without any scrutiny of his body cavities. A visual body cavity search extends to a visual inspection of the anal and genital areas.' Commonwealth v. Thomas, 429 Mass. 403, 708 N.E.2d 669, 672 n.4 (1999). 'A "manual body cavity search" includes some degree of touching or probing of body cavities.' Cookish v. Powell, 945 F.2d 441, 444-45 n.5 (1st Cir. 1991)."

---

> misdemeanor, or a violation of a city, county, or town ordinance, which is punishable by no more than thirty days in jail shall be strip searched unless there is reasonable cause to believe on the part of a law-enforcement officer authorizing the search that the individual is concealing a weapon. All strip searches conducted under this section shall be performed by persons of the same sex as the person arrested and on premises where the search cannot be observed by persons not physically conducting the search.

-

<u>Id.</u> at 282-83, 544 S.E.2d at 868-69 (quoting <u>Hughes v.</u>
<u>Commonwealth</u>, 31 Va. App. 447, 455, 524 S.E.2d 155, 159 (2000)
(<u>en</u> <u>banc</u>)).  We characterized the search of Hughes' person as a
"strip search" because he was forced to disrobe while the police
inspected his underwear.  Because McCloud's "clothing was not
removed, and his genital area was not exposed," we found he was
not subjected to a strip search.  <u>McCloud</u>, 35 Va. App. at
283-84, 544 S.E.2d at 869.  Where officers merely "arrange" a
suspect's clothing, a strip search has not occurred.  <u>Id.</u>

In <u>McCloud</u>, the officers only "pulled back [McCloud's]
underwear in the front."  <u>Id.</u> at 279, 544 S.E.2d at 867.
Similarly, Intagliato pulled back the waistband of Burney's
underwear and looked inside, immediately spotting two bags
containing suspected narcotics.  Contrary to Burney's
contention, the evidence does not indicate that Intagliato could
see Burney's genitals when the officer pulled back Burney's
underwear.  The officer did not touch Burney's genitals.  As in
<u>McCloud</u>, Burney was not subjected to a "strip search."  The
trial court did not err by denying Burney's motion to suppress
the evidence obtained during the search incident to his arrest.
Therefore, we affirm the decision of the trial court.

<u>Affirmed</u>.

-

Benton, J., concurring.

For the reasons stated in <u>McCloud v. Commonwealth</u>, 35 Va. App. 276, 284-86, 544 S.E.2d 866, 869-70 (2001) (Benton, J., concurring), I concur in the judgment affirming the conviction.